**STATE of Missouri, Respondent,**

v.

**Earl Arthur LOWE, Appellant.**

No. 49252.

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1964.

Earl Arthur Lowe, pro se.

Thomas F. Eagleton, Atty. Gen., Julian L. O'Malley, Asst. Atty. Gen., for respondent.

HOLMAN, Judge.

Defendant, Earl Arthur Lowe, was found guilty of the offense of robbery in the first degree and his punishment was fixed by the jury at imprisonment in the penitentiary for a term of five years. See §§ 560.120 and 560.135, RSMo 1959, V.A.M.S. He has appealed from the ensuing judgment.

Mrs. Cornelia Crawford resided with her husband at 800 West 52nd Street in Kansas

City. At about midnight on May 8, 1961, Mrs. Crawford was awakened and saw a person standing in her bedroom. Thinking it might be her husband she called him by name, and the person then flashed a light in her face and told her to leave the light off, lie quietly, and she wouldn't get hurt. Immediately thereafter she turned the light on and screamed to her husband who was sleeping in a room nearby. The person in her room then struck her in the temple with his fist, picked up her pocketbook which contained $5.00 and some other personal belongings and then went to her husband's bedroom and demanded money from him. Shortly thereafter he ran down the stairs and left the house.

At the trial Mrs. Crawford identified the defendant as the person who was in her bedroom. Also, one Mary Ellen Harness, age 17, testified that she was living with the defendant at that time and was with him on the night of May 8; that she remained in the car while appellant entered the Crawford home; that he returned in 15 or 20 minutes and told her that "he had to hit this woman."

Appellant testified in his own defense and denied having committed the crime with which he was charged.

While we are not called upon to review the sufficiency of the evidence in this case it is apparent that there was ample evidence to support the verdict of the jury.

■ The verdict was returned October 24, 1961. Thereafter, the defendant was given an additional thirty days in which to file his motion for new trial. No motion for new trial was filed and on December 11, 1961, defendant was brought before the court, and, in the presence of his attorney, was properly granted allocution and sentenced in accordance with the verdict. His notice of appeal was filed on the same day. The court sustained defendant's motion to appeal as a poor person and he was furnished a free transcript. He has not filed a brief in this court. In the circumstances presented we are limited in our review to an examination of the record, as required by S.C.Rule 28.02, V.A.M.R.

■ The information charged, in part, that defendant, "on the 9th day of May, 1961, at the County of Jackson and State of Missouri, with force and arms, in and upon one Cornelia P. Crawford unlawfully and feloniously did make an assault and [description of property omitted] the money, goods, chattels and personal property of the said Cornelia P. Crawford from the person and in the presence and against the will of the said Cornelia P. Crawford then and there by force and violence to the person of the said Cornelia P. Crawford and by putting the said Cornelia P. Crawford in fear of an immediate injury to his [her] person, feloniously did rob, steal, take and carry away * * *." It contains almost the exact language of the information approved as sufficient in State v. Hood, Mo.Sup., 313 S.W.2d 661. The allegations include all of the essentials of the offense of robbery in the first degree as specified in § 560.120, supra. The information is clearly sufficient. State v. Herron, Mo.Sup., 349 S.W.2d 936.

■ The verdict was as follows: "We, the jury, find the defendant, Earl Arthur Lowe, guilty of robbery, first degree and assess his punishment at five (5) years in the state penitentiary." It specified a finding of defendant's guilt of the crime with which he was charged and fixed the punishment within the limits (minimum) prescribed by § 560.135, supra. The verdict was in proper form. As heretofore stated, defendant was granted allocution and duly sentenced.

Finding no error upon the record before us, the judgment is affirmed.

All concur.