**STATE of Missouri, Respondent,**

v.

**Warren Allen MARTIN, Appellant.**

No. 48397.

Supreme Court of Missouri,
Division No. 3.

Feb. 9, 1970.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

Sloan Richard Wilson, Kansas City, for appellant.

JOHN J. KELLY, Jr., Special Judge.

This case originally came to Division No. Two of this Court on appeal from a judgment and sentence imposed upon the appellant in accordance with a verdict of a jury in the Circuit Court of Jackson County, Missouri, Division No. 3, finding the appellant guilty of the crime of robbery in the first degree by means of a dangerous and deadly weapon (§§ 560.120 and 560.135 RSMo 1959, V.A.M.S.), and assessing his punishment at imprisonment for a term of twenty (20) years. The judgment of the Circuit Court was affirmed. 346 S.W. 2d 71. Thereafter, on August 2, 1968, appellant filed a motion to set aside the judgment of Division No. Two on the grounds that appellant was indigent at the time his appeal was presented and he was not represented by counsel before this Court because he was unable to hire counsel to present his appeal. On September 9, 1968, this Court, en Banc, sustained his motion, set aside and held for naught the judgment of this Court affirming the conviction of the appellant, ordered the cause reinstated on the docket of this Court, and assigned the cause to Division No. Three for further hearing. At the same time the Circuit Court of Jackson County was ordered to appoint counsel to represent the appellant in accordance with Supreme Court Rule 29.01(c), V.A.M.R. and directed that the counsel appointed pursuant thereto prepare and file in this Court a brief for the appellant in the time and manner provided by the Rules of this Court, especially Rules 83.05 and 83.06.

In obedience to this order of September 9, 1968, the Circuit Court of Jackson County appointed Sloan R. Wilson, Esq., who immediately undertook the performance of the duties impressed upon him. Mr. Wilson prepared and filed a brief in this Court and appeared at the hearing in Division No. Three on behalf of appellant, presenting arguments in support of the brief he had filed herein.

In the trial court appellant was represented by court-appointed counsel who attended the trial of the cause, filed a motion for new trial, argued it, and after said motion for new trial was overruled, allocution granted and sentence in accord with the jury verdict imposed, filed "Application for Leave to Appeal as a Poor Person," which was sustained, and then filed a timely notice of appeal. As stated previously, he did not however pursue the appeal in Division No. Two of this Court, neither filing briefs nor arguing the merits at the hearing. Division No. Two of this Court considered those points preserved in the motion for new trial and those matters which are required to be examined under Supreme Court Rule 28.02, V.A.M.R., in the first appeal.

Among those points raised by trial counsel in the motion for new trial but not briefed by counsel on this appeal are the following:

1. The verdict of guilty was contrary to the weight of the evidence.

2. The allegations contained in the information that an assault was made with a "dangerous and deadly weapon, to-wit: gun, loaded with gunpowder and leaden balls" was not supported by the evidence in that no evidence was produced to show that an assault was made with a loaded weapon.

3. The closing argument of the State was highly prejudicial in that the

prosecutor brought in his personal feelings toward defendant and stated that defendant was training his brother in crime when there was no evidence of same.

4. The instructions numbered 1, 2, 3 and 4 were prejudicial and erroneous.

5. The punishment set by the jury was excessive.

6. The State failed to make a submissible case for the jury.

Division No. Two of this Court reviewed each of these contentions on the original appeal and found each of them to be without merit. State v. Martin, Mo. Sup., 346 S.W.2d 71. Since they have not been presented to the Court on this appeal it would serve no purpose to set out the reasons why they were found not to require a reversal at that time. Anyone interested can read the opinion. Nothing has changed since then insofar as these alleged trial errors are concerned, and the failure of appointed counsel on appeal to press them anew leads to the conclusion that he shares the opinion of Division No. Two that they were without merit.

■ Appellant, for the first time on this appeal, attacks the sufficiency of the information on the grounds that it "is defective in that it fails to state sufficient facts to advise the defendant of the nature of the accusation against him, by failing to specify the particular location at which the offense charged took place, except that it took place somewhere in Jackson County, Missouri." We must review this contention under Supreme Court Rule 28.02, V. A.M.R., even though not raised in the motion for new trial.

■ The information meets the constitutional specifications set forth in the Constitution of Missouri, 1945, Article I, Section 18(a), V.A.M.S., which provides: "* * * in criminal prosecutions, the accused shall have the right * * * to de-

mand the nature and cause of the accusation, * * *." Supreme Court Rule 24.01 requires: "* * * The indictment or information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the prosecuting attorney. * * *. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement * * *." The information charges robbery in the first degree by means of a dangerous and deadly weapon as defined by §§ 560.-120 and 560.135 RSMo 1959, V.A.M.S. It charges that Warren Allen Martin on the 24th day of February, 1960, at the County of Jackson and State of Missouri, with force and arms, in and upon one Dwight Mayham, unlawfully and feloniously did make an assault with a dangerous and deadly weapon, to-wit, a gun loaded with gunpowder and leaden balls, and Sixty ($60) Dollars in lawful money of the United States, of the aggregate value of Sixty ($60) Dollars, the money, goods, chattels and personal property of the said Dwight Mayham from the person and in the presence and against the will of the said Dwight Mayham then and there by force and violence to the person of the said Dwight Mayham and by putting the said Dwight Mayham in fear of an immediate injury to his person, feloniously did rob, steal, take and carry away; against the peace and dignity of the State. It was signed by "Sam Modica, Assistant Prosecuting Attorney" and sworn to before a Deputy Clerk of the Circuit Court of Jackson County, Missouri. An information in identical form was considered and approved by this Court in State v. Lowe, Mo., 375 S.W.2d 52, 53. It contains all the essential elements of robbery in the first degree by means of a dangerous and deadly weapon and sufficiently charges the offense. While this information might have been made more definite and certain in the respects here raised by the filing of a bill of particulars, it is too late now for the appellant to complain. Nor can we detect from the record that he was ever in doubt dur-

ing the trial of the case just where this robbery occurred, for in his testimony he stated that he was a regular customer of this store, had been in the store both prior and subsequent to the robbery, and a day or two after the robbery while he was in the store he heard the robbery being discussed. This point is ruled against the appellant.

Appellant further contends that the trial court erred in that it failed to give any instruction to the jury regarding the voluntariness of the confession of the defendant. This point was not raised in the motion for new trial. On this direct appeal, this matter, not presented to the trial court in the motion for new trial and first presented in appellant's brief on appeal, is not preserved for review. Supreme Court Rule 27.20(a), V.A.M.R.; State v. Brookshire, Mo.Sup., 353 S.W.2d 681, 685.

Appellant further contends that the giving of Instruction No. 2 by the trial court constituted error because it addresses itself not to the reasonable doubt of the guilt of the defendant, but to the reasonable doubt of the mere presence of the defendant at the time and place where the crime took place. This matter was not sufficiently raised in the motion for new trial and is therefore not preserved for review. See State v. Martin, supra, 346 S.W.2d 71, 74.

Appellant's final contention is that he was denied the effective assistance of counsel in the trial court. He does not contend that this denial of effective assistance of counsel was due to any affirmative action by the State through the Court, prosecutor or other law enforcement officer. Rather, he states that the assistance rendered to him by his court-appointed counsel during the trial of the case and the post-trial preparation and filing of the motion for new trial was so incompetent as to constitute a denial of the effective assistance of counsel. This point was not preserved in the motion for new trial filed by trial counsel who is accused of being

incompetent, but was raised for the first time by counsel appointed to represent appellant on this new appeal. This point may not be reviewed on this appeal. However, appellant is not without remedy. Appellant may file in the trial court a motion to vacate under S.Ct. Rule 27.26, V. A.M.R. He may there assert, if he desires, that he was denied effective assistance of counsel in the trial court, and, if issues of fact are raised in the motion, must be given an evidentiary hearing. Cf. State v. Jones, Mo.Sup., 446 S.W.2d 796. In this manner a full hearing and orderly appellate review, if necessary, may be had.

The judgment is affirmed.

DONNELLY, P. J., and HOESTER, Special Judge, concur.