The STATE of Missouri, Respondent,

v.

Lloyd UNDERWOOD, Appellant.

No. 55972.

Supreme Court of Missouri,
Division No. 1.

Sept. 13, 1971.

John C. Danforth, Atty. Gen., Thomas D. Vaughn, Asst. Atty. Gen., St. Louis, for respondent.

Robert O. McNearney, Clayton, for appellant.

SEILER, Judge.

This is an appeal from a jury conviction of first-degree robbery with a thirty-year sentence imposed by the court under Sec. 556.280, R.S.Mo.1969, the second offender act.

Appellant, on December 19, 1969, on a parking lot at the rear of a building at 4928 North Broadway in St. Louis, using a loaded pistol, held up a woman who was returning from a nearby bank with cash. As the victim started to leave her car, appellant said, "All right, hand over the money", and she handed appellant a canvas bag which she had on the front seat. Appellant was immediately arrested by two policemen who were in another car on the lot, watching.

■ Appellant asserts error because there was no showing that the victim was placed in fear of some immediate injury as required by Sec. 560.120, R.S.Mo., 1969. The basis of this argument is that the victim had been warned of the possibility of a robbery, and that she knew that the police were near at hand. There was no direct testimony that the victim felt fear, but fear need not be expressly shown, State v. Thompson, (Mo.Sup.) 299 S.W.2d 468, 474. It is difficult to believe that the mere knowledge of police observation would eliminate the normal reaction to being confronted by a partially masked man pointing a pistol and demanding the money. The point is overruled.

■ Appellant maintains that there was no proof that property of a substantial

worth was taken.[1] Appellant fails to cite legal authority for such a proposition and it is without merit. Neither the robbery statute, Sec. 560.120, supra, nor the cases make such a requirement, State v. Gabriel, 342 Mo. 519, 116 S.W.2d 75, 78. The point is overruled.

■ Appellant's next assignment of error goes to testimony about the arrest of his brother and a .45 caliber pistol found near his brother. Without objection, a police officer testified defendant's brother, Tom Underwood, also was arrested "out there that morning." Later the arresting officer testified, saying the arrest was made about 150 feet from where the hold up occurred. An objection was made at this point to giving the name of the man arrested, but was overruled for the reason the name had already been brought out. Then the state had a .45 caliber pistol marked for identification and proceeded to question the arresting officer about it, apparently with the objective of identifying it as a loaded gun found in the brother's car or in his possession at the time of his arrest. But the witness was unable to make the identification and the gun was not offered in evidence, although we gather from the record that it was in the jury's view while the identification was being attempted. The best the witness could do was to say "It was a gun similar, and this possibly could be the gun." Counsel's objection to the examination and request for mistrial was overruled, the court stating he believed the state offered the gun in good faith, but that the officer was unable to identify it, that it was not actually admitted, and the court did not believe it inflamed the jury.

■ The court should have sustained the objection to the line of questioning, as there was no proper foundation estab-

---

1. The canvas bag, the kind used in carrying checks and money to a bank for deposit, had nothing in it except a folded newspaper. It was so arranged by the victim at the request of the police, who evidently expected the hold-up.

lished whereby a gun in someone else's possession had any bearing on defendant's guilt or innocence. No doubt the fact it was in the possession of defendant's brother under the circumstances shown was highly suspicious in the eyes of the jury, but as stated, the identification of the other man as defendant's brother came in without objection. The introduction into evidence of demonstrative evidence such as a weapon can be reversible error when not connected with the defendant or his crime, State v. Wynne, 353 Mo. 276, 182 S.W. 294, but in the case before us, where the pistol actually used by defendant was put in evidence, and where the proof as to defendant's being the guilty man was so strong, we are not convinced the error was prejudicial and so the contention is overruled.

█ In his amended motion for a new trial, appellant alleged there was newly discovered evidence that he was not mentally competent at the time the robbery was committed or at the time of the trial, and requested a psychiatric examination. It was alleged this lack of mental competency resulted from head injuries apparently suffered some years prior to the offense. The appellant did not offer affidavits or other evidence at the trial to support the motion, and the allegation remains unsupported on appeal. It is a clearly established rule that unverified allegations in a new trial motion do not prove themselves, State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774, 780; State v. Lowe (Mo. Sup.), 442 S.W.2d 525. The point is overruled.

Appellant has briefed several other points, but they are not properly preserved for review, Rule 27.20, V.A.M.R., and so we do not reach them.

The judgment is affirmed.

All of the Judges concur.