STATE of Missouri,
Plaintiff-Respondent,

v.

Michael David MANIS,
Defendant-Appellant.

No. 11777.

Missouri Court of Appeals,
Southern District,
Division One.

April 6, 1981.

John D. Ashcroft, Atty. Gen., Michael Elbein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

TITUS, Judge.

Defendant was jury-convicted of having committed the class A felony of robbery in the first degree at a PayRite Pharmacy in Springfield near 9 a. m., May 3, 1979. § 569.020.[1] It assessed punishment "at 25 years." Thereafter the court having found, as additionally charged, that defendant had been previously convicted of a class A felony, i. e., robbery in the first degree which occurred March 1, 1977, and that he was a "dangerous offender" as defined in § 558.-016–3(1), imposed a term of imprisonment for 30 years. §§ 558.011 and 557.036–3(2)(b). Defendant appealed.[2]

The trial testimony of the state's witnesses, and that of the defendant himself, was brief and undisputed. At the time of the robbery, four employees and a salesman were on the pharmacy premises when two

---

1. Statutory references are to RSMo 1978.

2. Section 557.036–3(2)(b) provides that the trial court cannot impose a prison term in excess of that declared by the jury unless "(2) The defendant is found to be a persistent or dangerous offender as provided in section 558.016, RSMo, in which case: ... (b) If he has been found guilty of a class A felony, the court may impose any sentence authorized for a class A felony." Under § 558.011–1(1), the authorized term of imprisonment for a class A felony is "a term of years not less than ten years and not to exceed thirty years, or life imprisonment."

unmasked robbers entered the store. Defendant was armed with a drawn pistol or revolver which he brandished from close range at the rightful occupants. The other robber had a sack which the robbers demanded to be filled with "all your Class A, B & C drugs." Defendant did not orally "threaten to hurt anybody," but did admit to saying something on the order of "don't move and nobody will get hurt." When the pharmacists on duty had filled the sack as directed, defendant ordered the employees and the salesman "to lay down on the floor and we wouldn't get hurt." This accomplished, the robbers departed. The entire episode consumed two minutes or less.

When restricted to the facts adduced at trial and the specific charges contained in the amended information under which defendant was tried, convicted and sentenced, the pertinent provisions of the laws relating to this cause are as follows. § 569.020: "1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he . . . (2) Is armed with a deadly weapon; or . . . (4) Displays . . . what appears to be a deadly weapon . . . . 2. Robbery in the first degree is a class A felony." § 569.010: "As used in this chapter the following terms mean: (1) 'Forcibly steals', a person 'forcibly steals', and thereby commits robbery, when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person for the purpose of: (a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or (b) Compelling the . . . person to deliver up the property or to engage in other conduct which aids in the commission of the theft." § 558.016: " . . . 3. A 'dangerous offender' is one who: (1) Is being sentenced for a felony during the commission of which he knowingly . . . threatened to inflict serious physical injury on another person; and (2) Has been previously convicted of a class A or B felony or of a dangerous felony."

Defendant's first point relied on: "The court below erred in assessing an extended term of imprisonment upon appellant pursuant to § 558.016, RSMo., because the evidence adduced was insufficient to justify said extended term in that no clear showing of a threat to inflict serious physical injury upon any person was shown."

It does not appear accurate, as stated in defendant's first point, supra, to say that the trial court in this instance sentenced defendant to "an extended term of imprisonment . . . pursuant to § 558.016." That law (even as amended per Laws of 1980, p. 495, eff. Aug. 13, 1980) permits the sentencing of a defendant "to an extended term of imprisonment" only if he has, inter alia, "pleaded guilty to or has been found guilty of a class B, C, or D felony." The statute which authorizes a trial court to impose a sentence authorized for a class A felony upon a defendant guilty of a class A felony who is found to be a persistent or dangerous offender as defined in § 558.016–2 and 3, is § 557.036–3(2)(b) quoted herein in footnote 2. However, as the distinction between the two just-mentioned statutes appears somewhat tenuous when applied to the special and particular circumstances here presented, we ignore the miscitings and attend to the merits. In fine, therefore, the question for determination here is whether or not defendant was correctly determined by the trial court to have been a "dangerous offender" because, during the commission of the admitted robbery, he "knowingly . . . threatened to inflict serious physical injury" upon the rightful occupants of the pharmacy.

Application of the law restricted to the facts herein and the specific charge filed, prompts the following critique. A person commits first degree robbery when he "forcibly steals property" (§ 569.020), i. e., when stealing "he . . . threatens the immediate use of physical force upon another person" [§ 569.010(1)] "and in the course thereof he . . . (2) Is armed with a deadly weapon; or . . . (4) Displays . . . what appears to be a deadly weapon." § 569.020. "Physical" relates to the body (Webster's New Collegiate Dictionary, p. 866) and the definition nearest to the exact meaning of

"force" is "violence." 36A C.J.S. Force, p. 952. Ergo, if property is stolen by the threat of immediate use of physical force, it is stolen by the immediate threat of the use of bodily violence which puts the victim in fear of serious physical injury. *State v. Massey*, 274 Mo. 578, 586, 204 S.W. 541, 543 (1918). The pointing of a deadly weapon or what appears to be a deadly weapon at a robbery victim constitutes the immediate use of physical force and violence to his person [*State v. Neal*, 416 S.W.2d 120, 123[4] (Mo.1967)] which assuredly puts him in fear of grave bodily injury. Although there was no exact direct testimony from the victims that they experienced fear, fear need not be expressly shown. The normal reaction of being confronted by an armed man pointing a gun and demanding drugs is surely fear [*State v. Underwood*, 470 S.W.2d 485, 486[1] (Mo.1971)] and the plain implication of defendant's use of the gun in the manner narrated was to put the lawful occupants of the pharmacy in fear of injury to their person. *State v. Medley*, 588 S.W.2d 55, 61 (Mo.App.1979).

■ Defendant's failure, on appeal, to dispute the propriety of his conviction of robbery in the first degree is tantamount to an admission that the drugs were stolen by way of threatening the immediate use of physical force. Nevertheless, defendant argues that stealing via a threat to immediately use physical force is not equivalent to a stealing wherein the thief knowingly threatens to inflict serious physical injury. If a distinction exists between the two, it is a very fine line indeed. To do something knowingly is to do it in a knowing manner or with an awareness. Webster's Third New International Dictionary of the English Language, Unabridged, p. 1252. As no contention is advanced that defendant was unaware of what he was doing at the time of the robbery because of drug intake or for any other reason, we proceed on the premise that what he did was done in a knowing manner. To threaten "implies a warning of impending punishment, danger, evil, etc. by words, actions, events, conditions, signs, etc." Webster's New World Dictionary of the American Language, Col.

Ed., p. 1518. Admittedly, defendant did not specifically enunciate an oral intention to immediately use physical force or a verbal threat to inflict serious physical injury. However, as above seen, threats may not only be spoken but may be conveyed by actions, events, conditions and signs, or by a combination of any two or all. The exhibition and pointing of what appears to be a deadly weapon, with or without a verbal threat, can be, and most assuredly usually is, interpreted as a threat of violence and a threat to inflict serious physical injury as a consequence of any disobedience to the exhibitor's demands and admonishments. *State v. Sykes*, 569 S.W.2d 254, 256[1] (Mo. App.1978). Defendant's first point relied on is denied.

■ Defendant's second and last point relied on: "The court erred in accepting the verdict of the jury herein assessing appellant's punishment at 25 years' imprisonment, and in proceeding to sentence appellant to an extended term of imprisonment based thereon because said assessment constituted cruel and unusual punishment in that it was so disproportionate to the offense as to shock the moral sense of all reasonable men."

As regards defendant's second point, it is to be observed that the terms of imprisonment declared by the jury and the court were within the limits provided in § 558.-011-1(1), quoted in footnote 2, supra, and that it is generally said that when sentences are within the statutory range they are not to be considered excessive. *State v. Blevins*, 581 S.W.2d 449, 453[7] (Mo.App.1979). "We note that our courts have repeatedly held that a punishment which is within the statutory limits for the offense, as is the thirty-year assessment in the instant case, is not cruel and unusual because of its duration unless so disproportionate to the offense committed so as to shock the moral sense of all reasonable men as to what is right and proper under the circumstances." *State v. Johnson*, 549 S.W.2d 348, 352 (Mo. App.1977); *State v. Mitchell*, 563 S.W.2d 18, 26 (Mo. banc 1978); *State v. Taylor*, 602

S.W.2d 820, 823 (Mo.App.1980). But whom to include in the category of "all reasonable men" and what may shock their moral senses as to what is right and proper under any given set of circumstances, are fanciful and unanswerable legal conundrums born of an ignis fatuus.

While the compilers of statutes are sometimes wont to classify first degree robberies apart from offenses against persons, the crime of first degree robbery, because it is in part and in fact a direct crime against the person (77 C.J.S. Robbery § 2, at p. 449), has ever been regarded to be a most serious offense. Under the common law, the punishment for robbery was death (67 Am. Jur.2d, Robbery, § 78, p. 72); under § 560.-135, RSMo 1969, the punishment for "robbery in the first degree by means of a dangerous and deadly weapon" was "death, or . . . imprisonment . . . for not less than five years;" under the present statute punishment is by imprisonment for a term of "not less than ten years and not to exceed thirty years, or life." The following is a sampling of reported first degree robbery cases and the imposed prison terms approved under previous statutes: *Garrett v. State*, 486 S.W.2d 272 (Mo.1972)—99 years; *State v. Crider*, 419 S.W.2d 13 (Mo.1967)—30 years; *State v. Jaeger*, 394 S.W.2d 347 (Mo.1965)—40 years; *State v. Maxwell*, 376 S.W.2d 170 (Mo.1964)—40 years; *State v. Herron*, 349 S.W.2d 936 (Mo.1961)—50 years; *State v. Martin*, 346 S.W.2d 71 (Mo. 1961)—20 years; *Whitlock v. State*, 538 S.W.2d 60 (Mo.App.1976)—75 years. In light of such precedents, the gravity of the crime involved, the sureness of defendant's guilt, the repetitive nature of defendant's criminal bent, and all circumstances pertinent hereto, we may not assume to cast the sentence pronounced into a position of error or to declare the punishment imposed to be excessive.

Judgment affirmed.

GREENE, P. J., and FLANIGAN, J., concur.