STATE of Missouri, Respondent,

v.

Michael Wayne ELLIOTT, Appellant.

No. 33062.

Missouri Court of Appeals,
Western District.

Aug. 17, 1982.

Mark H. Wissehr, St. Joseph, for appellant.

John Ashcroft, Atty. Gen. and Kelly Klopfenstein, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P. J., and TURNAGE and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Defendant Elliott, appeals from a conviction for first degree robbery, § 569.020, RSMo 1978,[1] for which he was sentenced to ten years imprisonment. Defendant's sole point asserts there was insufficient evidence that he "either used or threatened to use some physical force for the purpose of ... taking" the victim's money. Affirmed.

Defendant waived jury trial. The state's evidence is as follows: Lana Kuker, while driving alone en route to Nebraska, stopped at a truck plaza on highway 59 in Holt County, Missouri, to walk her dog. As she left the truck plaza, around midnight, she noticed a car was following her car, whereupon she began to drive at a high rate of speed. The car caught up to her, however, and struck her car on the driver's side, forcing her to pull her car over and stop. When she heard a car door shut behind her, she accelerated her car quickly in a second attempt to make an escape, but was forced to stop about a mile down the road because her car was repeatedly hit from behind by the pursuing car, causing her to lose control of her car.

Ms. Kuker testified that a man, whom she identified at trial as defendant, approached her car and, when she partially rolled down her window, he reached in, unlocked the door and pulled her out of the car. She said the defendant was armed with a dull-bladed knife, and kept it pointed at her throughout the encounter; that she kept her free hand on the blade to push it away from her; that she begged defendant not to hurt her and to leave her alone and that if he wanted money, she would give it to him; and that he took her money, (approximately $170) then he reached inside her shirt "fumbled with" her breasts and, that just before he left her and returned to his car told her he would kill her if she ever related the incident to anyone. The police recovered a knife at defendant's residence which Kuker identified at trial as the weapon pointed at her during the robbery.

Defendant testified that he and Rob Steward, age 15, noticed Kuker at a truck stop in Holt County. Defendant, the driver, and Steward, his passenger, were returning from a beer drinking party where defendant consumed approximately 24 cans of beer. Defendant alleges some difficulty in memory of all the events because of his drinking that evening. He admitted he followed Kuker, struck her car with his own and took her money. He said he followed and tried to stop Kuker's car so that passenger Steward could talk to her; that he approached Kuker's car to make arrangements for fixing the damage he had caused; that she pleaded with him not to hurt her; that he made no threats to nor requested money from her and; that he took the money only after she had offered it to him three times. He denied use of the knife when talking to Kuker.

Rob Steward said he stayed in defendant's car when defendant went to Kuker's car and heard none of their conversation. He said he saw defendant open her car door and step out of the car with defendant holding her arm. He did not see defendant display a knife. Defendant related to Steward after the incident that "he told her not to say anything." Defendant gave Steward $20 when they got to defendant's residence because "I was with him".

1. All references are to RSMo 1978.

Defendant contends the evidence does not support a finding under the criminal statutes that he "*forcibly stole* property from Ms. Kuker," because "even if the court found that some physical *force* was used on Ms. Kuker by defendant, . . . the court would also have to find that the defendant's *purpose* in using the same was to obtain property from Ms. Kuker." (Emphasis added.) Thus, defendant basically makes two contentions, i.e. there was insufficient evidence of (1) use or threatened use of force and (2) purpose to take the money.

Section 569.020 defines first degree robbery as follows:

1. A person commits the crime of robbery in the first degree when he *forcibly steals* property *and in the course thereof* he, or another participant in the crime,

(1) Causes serious physical injury to any person; or

(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or

(4) *Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.* (Emphasis added.)

Section 569.010 defines "forcibly steals" as:

. . . when, in the course of stealing, as defined in section 570.030, RSMo, he uses or threatens the immediate use of physical force upon another person *for the purpose of:*

(a) Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

(b) *Compelling the owner of such property* or another person *to deliver up the property* or to engage in other conduct which aids in the commission of the theft; . . . (Emphasis added.)

Defendant asserts that because his purpose for stopping Kuker was not to take money, and that he never had such a purpose but only took the money after she "hollered" and offered it to him three times, precludes a conviction of first degree robbery under the new criminal code.

■ The state concedes defendant did not verbally enunciate an intention to use physical force to take money from Kuker, but cites *State v. Manis,* 614 S.W.2d 771, 773 (Mo.App.1981) and other cases for the principle that "threats may not only be spoken but may be conveyed by actions, events, conditions and signs or by a combination of any two or all." *See also State v. Dickerson,* 607 S.W.2d 196, 197–98 (Mo.App. 1980); *State v. Sykes,* 569 S.W.2d 254, 256 (Mo.App.1978). These cases make it clear that defendant's actions, including the chasing, stopping, grabbing and display of a knife, suffice to be considered the use of or threatened the immediate use of physical force and display of a deadly weapon under § 569.020.

The victim Kuker's remarks that although defendant did not say anything about using the knife, . . . "having it out was good enough for me", constitute a threat of physical violence or use of immediate force. *Manis, supra.* This allegation of error is denied.

■ The state did not respond to defendant's other argument of the necessity of proof of a mental state for a conviction of first degree robbery, i.e. that defendant had a purpose to obtain the property.

A person "acts purposely" under the code "when it is his conscious object to engage in [certain] conduct or to cause [a certain] result." § 562.016.2. It may be true that, from the evidence adduced, it is not clear defendant's "conscious object" when he stopped Kuker's car and approached her. He claimed it was to let his companion talk to her. Steward offered no explanation for their stopping Kuker's car. Kuker testified only that defendant told her that "I was coming with him and they were going to leave my car there." The fallacy of defendant's argument is in limiting the concept of purpose to a single time frame in the sequence of events in this case.

Kuker testified that once she was out of the car, with defendant holding her arm

and pointing a knife at her, she told him that "if it was money he wanted I had money", and that "after a little bit he told me to give it to him." She further stated that "[h]e asked me how much I had and I told him approximately $170 and he said 'give it to me,'" whereafter he took the money and left. Thus, regardless of defendant's motive or intent relating to robbery when he stopped Kuker's car, when Kuker again offered money in exchange for her safety, and when defendant asked how much money she had and then said "give it to me," it was at that time defendant's "conscious object" (*see* § 569.010 and 569.-016.2) to take the money.

Merely because defendant may not have had nor expressed the purpose to take Kuker's money *until* he was aware of that money and its quantity does not abrogate or diminish that intent.

Because defendant had the purpose to take Kuker's money, and because he was "threaten[ing] the immediate use of physical force" (§ 569.010) while "display[ing] . . . what appear[ed] to be a . . . dangerous instrument" (§ 569.020.1(4)), the trial court did not err in finding defendant guilty of first degree robbery, therefore the judgment of conviction is affirmed.