**STATE of Missouri, Respondent,**

v.

**Joe HEGWOOD, Appellant.**

**No. 52646.**

Supreme Court of Missouri,
Division No. 2.

June 12, 1967.

Norman H. Anderson, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Joe Hegwood, Affiant, pro se.

FINCH, Presiding Judge.

Defendant appeals from an order overruling his motion to vacate judgment and sentence pursuant to Supreme Court Rule 27.26, V.A.M.R.

Defendant entered pleas of guilty to two charges pending in the Circuit Court of McDonald County on August 17, 1964. On August 20, 1964, he was sentenced in both cases. One charge was for issuing a bogus check and on it he received a sentence of two years. It is not involved in this proceeding under Rule 27.26.

The other plea of guilty was in a case in which the information filed by the prosecuting attorney recited, in part, as follows: "* * * on or about the 16th day of July, 1964, one Joe Hegwood did then and there with specific intent, knowingly, intentionally, maliciously, unlawfully, feloniously, deliberately, on purpose and with malice aforethought, make an assault in and

upon one J. M. Ralston, who was then and there the owner and operator of M–A State Line Liquor Store, and who was then and there in charge of the money, effects and property of said M–A State Line Liquor Store, by means of a dangerous and deadly weapon, to-wit: a 12 gauge dobel [sic] barrel shot gun; and Six Hundred Sixty-One Dollars ($661.00), good and lawful money of the United States of America, the property of the said J. M. Ralston, engaged in business under the name of M–A State Line Liquor Store, from the person and in the presence and against the will of the said J. M. Ralston, then and there by means of and by use of said dangerous and deadly weapon, the shot gun, and by putting him, the said J. M. Ralston, in fear of some immediate injury to his person, feloniously did rob, steal, take and carry away, with the intent then and there to permanently deprive the owner of the use thereof, * * *." On that plea of guilty, the defendant was sentenced to life imprisonment under supervision of the Department of Corrections.

Defendant's pro se motion to vacate the judgment and sentence made, in substance, the following allegations: (1) That the information under which he was prosecuted and sentenced was illegal in that it improperly joined in one information charges of assault and armed robbery, not permitted in a single information, and that the judgment entered thereon was insufficient, and (2) that the first opportunity he had to consult with his court appointed counsel was on August 20, 1964, the date he entered a plea of guilty, and that counsel at that time advised him to plead guilty on the basis that he would be able to obtain a parole in a couple of years, and that if he did not plead, he would never receive parole consideration, and that further the attorney apparently had failed to investigate the sufficiency of the information, and that he pleaded guilty as a result of "such misadvisement by his court appointed attorney."

The trial court held an evidentiary hearing on defendant's motion to vacate the judgment and sentence. The defendant was present and testified. He complains on appeal that the trial court erred in not appointing counsel to represent him in connection with his motion to vacate, but at that time our rules did not require appointment of such counsel and this court has held that appointment of counsel on a motion to vacate under Rule 27.26 was not required. State v. Pope, Mo., 411 S.W.2d 212; State v. Herron, Mo., 376 S.W.2d 192.

■ We hold that the information on which defendant was prosecuted and sentenced to life imprisonment sufficiently charged robbery in the first degree with a dangerous and deadly weapon. The language is quite similar to that in the information approved in State v. Lowe, Mo., 375 S.W.2d 52, as a sufficient charge of robbery in the first degree under §§ 560.120 and 560.135, RSMo 1959, V.A.M.S. Perhaps the information could be more artfully drawn, but it includes all of the elements of the charge and was sufficient to inform the defendant with what he was charged by the State. Furthermore, the defendant testified at the hearing on his 27.26 motion and he did not testify or claim at that time that he was misled by the information or under any misunderstanding as to the charge against him. He claims simply that the information charges assault and armed robbery, not robbery in the first degree with a dangerous and deadly weapon, and hence that the information is improper and his conviction should be reversed for that reason. In addition, at the hearing on the motion to vacate, the transcript of what occurred at the time defendant entered his plea of guilty and was sentenced was introduced. In the course of those proceedings the trial court, in the presence of the defendant, asked his attorney whether they waived the reading of the information in the *charge of robbery* and the attorney advised that they did. After a plea of guilty had been entered, the prosecuting attorney detailed the events in which the defendant and a companion had gone to a liquor store

and had pointed a shot gun at the proprietor and directed him to open the cash register. During the proceedings, the defendant shot the proprietor and then directed the proprietor's wife to collect the money and put it in a sack, and then he forced both of them to go with him to an adjoining filling station to get the money there. Then on August 20, 1964, the defendant and his attorney again appeared before the trial judge and the court then reminded the defendant that he had entered a plea of guilty on August 17 in the case in which he was charged with armed robbery and asked him if he had any reason why sentence should not be pronounced. The defendant did not dispute the accuracy of the transcript of those proceedings, nor testify that he did not understand that he was so charged.

The information was sufficient to charge first degree robbery with a dangerous and deadly weapon. The evidence introduced on the motion to vacate discloses that it was made clear to the defendant that he was charged with robbery with a dangerous and deadly weapon, and we rule this point against the defendant.

■ At the hearing on defendant's motion to vacate, it developed that the commitment which had been sent to the Department of Corrections by the circuit clerk of McDonald County recited that the information against defendant charged him with assault and armed robbery and that the court had fixed defendant's punishment at imprisonment for his natural life on the charge of assault and at imprisonment for his natural life on the charge of armed robbery. The circuit judge, in his findings and order, found that the circuit clerk by clerical error had incorrectly designated the commitment as being for "assault and armed robbery," whereas the court's records disclosed that defendant was convicted of robbery in the first degree, and that he was sentenced on that charge alone, not on a charge of assault plus armed robbery. The court ordered the record corrected to so show, and further ordered that a corrected

commitment be furnished to the State Department of Corrections. Defendant, in his brief in this court, complains of this correction of the record by the trial court and asserts that the court had no right to make the change. Such correction of the record by nunc pro tunc order, as was done here, to show that the defendant actually pleaded guilty to and was sentenced under a charge of robbery, first degree, rather than assault and armed robbery, was permissible and proper. McCarthy v. Eidson, Mo., 262 S.W.2d 52[2].

With reference to the claim of insufficient time to consult with counsel and inadequate and incorrect advice by such attorney asserted by defendant, the evidence at the hearing conducted by the trial court on the 27.26 motion was as follows: Defendant testified that at his preliminary hearing in the magistrate court he was told by the prosecuting attorney that if he would waive his preliminary hearing, he would not receive a sentence of over ten years. He further testified that Sheriff Tennison was present when this statement was made. Defendant did not testify that his appointed attorney, Mr. Jerry Graves, made any representation to him about a parole or to induce him to enter a plea of guilty, although he had so claimed in his motion to vacate. Actually, the only thing mentioned in defendant's testimony in this connection was his statement that the prosecuting attorney, in the presence of the sheriff, made the statement that if he waived his preliminary hearing, he would be eligible for parole in a short time and would not receive a sentence of over ten years. The defendant did not offer any other witnesses and did not call Mr. Graves as a witness, although he was present at the hearing.

The State then put Mr. Jerry Graves on the witness stand. He testified that when he was appointed to represent the defendant on August 17, 1964, he conferred with the defendant. He agreed with the defendant that the conference lasted perhaps fifteen

minutes, but he fixed it as occurring on August 17 rather than August 20. Mr. Graves testified that he asked the defendant what he wanted to do on these two charges, and defendant stated that he wanted to plead guilty. Defendant asked Graves how much of a sentence he would receive, and Graves told him he did not know. Graves advised him as to the minimum and maximum sentences which he could receive on the charges. Graves then went and talked to the prosecuting attorney and asked him what his recommendation would be. The prosecuting attorney advised Graves that he would make no recommendation, and Graves' recollection was that the prosecuting attorney did not make any recommendation to the court as to sentence on the charge of first degree robbery. The transcript of the proceedings at the time of sentencing confirms the fact that the prosecuting attorney made no recommendation to the trial court.

Mr. Graves then reported back to the defendant about his conversation with the prosecuting attorney. He testified that he did not represent to the defendant that he would receive any particular sentence on a plea of guilty.

Mr. Graves testified that he returned to court a few days later when the defendant was to be sentenced, and at the time of sentencing he asked the defendant if he understood the sentence, and the defendant said that he did, and that the defendant had made no objection to the sentence of life imprisonment when it was assessed.

Sheriff Tennison also testified on the motion and stated that he had made no promises of any kind to the defendant and that no promise of a ten-year sentence to the defendant was made in his presence. Defendant specifically asked Sheriff Tennison whether he, the prosecuting attorney and the defendant went into a room or vault at the time of the preliminary hearing and whether the prosecuting attorney said to the defendant, "You are making a wise decision if you would plead guilty. Judge Carver has not imposed very stiff sentences but he is fair, he is just, and you will not receive over ten years." Sheriff Tennison denied that this statement was made in his presence. The defendant had not specifically testified as to this alleged conversation, but rather had simply said that the prosecuting attorney had stated that the defendant would be eligible for parole in a short time and that he would not receive over ten years if he would waive a preliminary hearing.

The testimony at the hearing disclosed that when the defendant first appeared on August 14, 1964, before Judge Carver on these two charges of issuing a bogus check and robbery, first degree, he requested the court not to appoint an attorney for him and advised that he wanted to enter a plea of guilty on the two charges. Judge Carver would not accept that request, but proceeded to appoint Mr. James L. Paul to represent the defendant. However, it developed that Mr. Paul represented the complaining witness, whereupon Judge Carver appointed Mr. Jerry Graves on August 17.

■ The trial court made findings of fact and conclusions of law. He held that the information was sufficient, as we have done, and that the evidence disclosed that the defendant was informed as to the charge and its seriousness, that he insisted on pleading guilty, and that there was no coercion, force or promises made by any person to induce his plea of guilty, and that the representation of the defendant by his appointed attorney, Jerry Graves, was adequate. Those findings are supported by the evidence. We rule defendant's second point against him.

■ Defendant's brief on appeal complains that he did not have counsel at the preliminary hearing. That question was not raised by defendant's motion to vacate, was not considered by the trial court, and

may not be raised for the first time on appeal. State v. Eaton, Mo., 394 S.W.2d 402.

The judgment is affirmed.

All of the Judges concur.