**Joe HEGWOOD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 55775.**

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

Douglas, Douglas & Douglas, Neosho, for appellant.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

This is an appeal from the order of the Circuit Court of McDonald County overruling appellant's motion to withdraw his plea of guilty to the charge of first degree robbery.

On August 14, 1964, appellant offered to plead guilty to a bogus check charge and to first degree robbery. However, the court refused to accept the pleas because appellant was not represented by counsel, and the two cases were continued to August 17. On that date the court appointed Mr. Jerry Graves as his attorney, and after a conference between appellant and his counsel, a plea of guilty to each offense was entered. The plea to the check charge is not now an issue, the sentence having been served.

A previous motion pursuant to Supreme Court Rule 27.26, V.A.M.R., to withdraw the plea of guilty to the robbery charge was denied after an evidentiary hearing, and that denial was affirmed on appeal. See State v. Hegwood, Mo., 415 S.W.2d 788. However, that motion was filed and

the evidentiary hearing was held before the effective date of the amendment to Supreme Court Rule 27.26, V.A.M.R., and this motion has been filed and presented pursuant to the amended Rule.

Appellant's motion presents three contentions: (1) he was denied the effective assistance of counsel, (2) his waiver of a preliminary hearing was invalid because he was not then represented by counsel, and (3) his plea of guilty to the charge of robbery was involuntary.

Appellant testified that prior to waiving his preliminary hearing, he talked to the prosecuting attorney and the sheriff, and that they told him if he would waive the preliminary hearing and enter a plea of guilty the judge, being a very lenient and fair man, probably would not sentence him to imprisonment for more than ten years. By reason of this, according to appellant, he waived his preliminary hearing. He further testified that on the day his case was set for trial he and Mr. Graves went to a corner of the courtroom where they conferred for about fifteen minutes, and that during that conference he told his attorney that he wanted to plead guilty, and that at the conclusion of the conference a plea of guilty was entered. He also stated that Mr. Graves did not relate to him the specific charges or ask if he had previous convictions; that Mr. Graves did not tell him he was entitled to a trial by jury and that he could have the jury determine the punishment; that Mr. Graves did not ask about the circumstance of his waiving the preliminary hearing or the circumstances of the offenses of which he was charged and did not advise him of the permissible punishment. He admitted, however, that before he was sentenced, the prosecuting attorney advised the court, in the presence of him and his attorney, of the circumstances giving rise to the charge against him, and that he had prior convictions. On cross-examination, with some reluctance, he stated "I am guilty [of the robbery] according to the court record."

Mr. Jerry Graves testified that when appointed he immediately examined the files containing the charges and evidence against appellant; that he then conferred with appellant concerning the charges and read them to him and asked whether he understood them; that he advised him of the minimum and maximum sentence which could be imposed; and that he advised appellant that the prosecuting attorney would make no recommendation as to punishment in the event he entered a plea of guilty. He further stated that appellant told him that he wanted to plead guilty.

The sheriff and prosecuting attorney each testified that he made no promises or inducements to appellant to plead guilty.

Appellant bases his contention of ineffective counsel upon two grounds; that counsel was not present when he waived his preliminary hearing, and that counsel failed to advise him properly and completely during the conference which took place in the courtroom.

 Appellant contends that the waiver by him of his preliminary hearing in the absence of counsel is invalid. This court repeatedly has held, prior to Coleman v. State of Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, that in the absence of a showing of actual prejudice resulting from the absence of counsel, none is required at a preliminary hearing, and we have held that if the Coleman case is applicable to the preliminary hearing in this State, it will not be applied retroactively. State v. Caffey, Mo., 457 S.W.2d 657. The same rule would be applied to the waiver of the preliminary hearing, and in the absence of any showing of prejudice, and appellant makes no effort to do so, an accused is entitled to waive a preliminary hearing without the advice of counsel. In addition, the subsequent entry of a plea of guilty, if voluntarily and understandingly made, constitutes a waiver of all irregularities, if any, pertaining to the preliminary hearing. Stanfield v. State, Mo., 442 S.W.

2d 521; State v. Cooper, Mo., 344 S.W.2d 72.

In the previous appeal the precise contention concerning the failure of counsel to advise appellant properly was considered and ruled adversely to appellant's contention. The evidence adduced at the hearing on the present motion contains nothing helpful to appellant's contention which was not previously before this court. In addition, no new argument is advanced in appellant's brief which was not previously ruled. The same condition exists as to appellant's contention that his plea of guilty was not voluntarily and understandingly made. We see no occasion to restate what has previously been said in ruling these two contentions, but instead we adopt by reference our rulings on these two issues as reported in State v. Hegwood, Mo., 415 S.W.2d 788.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.