**Leroy CARPENTER, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 56782.**

Supreme Court of Missouri,
Division No. 2.

May 8, 1972.

Jack Fleischaker, Joplin, Court Appointed, Atty., for appellant, William J. Fleischaker, Assisting.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal by Leroy Carpenter from a judgment overruling a motion filed under Criminal Rule 27.26, V.A.M.R., to vacate judgments of conviction entered May 6, 1963 on pleas of guilty and sentences of twenty years for armed robbery and five years for kidnapping.

Appellant was not provided with counsel at his preliminary hearing. His first point raises the question whether he had a right to appointment of counsel at the preliminary hearing held in 1963, and whether the convictions and sentences should be set aside on account of this omission and a new preliminary hearing ordered. Appellant points out that in Coleman v. Alabama (1970), 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, the United States Supreme Court recognized the right to counsel at a preliminary and suggests that the Missouri Supreme Court, by the amendment of its Criminal Rule 23.03 on December 7, 1970, effective July 1, 1971, recognized that right. Conceding that under State v. Caffey, Mo.Sup., 457 S.W.2d 657, this Court has ruled that Coleman v. Alabama is not to be applied retroactively

appellant urges that Caffey be reconsidered; that we now apply Coleman v. Alabama retroactively and set aside the convictions and sentences upon the admitted fact that appellant had no counsel at the preliminary.

After submission of this case and on March 6, 1972, in Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202, the Supreme Court of the United States held that Coleman v. Alabama does not apply retroactively to preliminary hearings conducted prior to June 22, 1970, thus ratifying and confirming at least nine post-Caffey decisions of this Court so holding.[1] Carpenter, having been tried long before June 22, 1970, and having failed to demonstrate that something occurred at the preliminary hearing by which he was affirmatively disadvantaged or that he was deprived of a fair trial in circuit court as a result of the omission to appoint counsel at the preliminary, has not shown that he has been prejudiced or that these convictions and sentences should be vacated on this ground. The claim of prejudice, based on the possibility that if counsel had been present at the preliminary he could have cross-examined the prosecuting witness, determined how good the prosecution's case was and perhaps suppressed any statements made by the prisoner at the time, or might have convinced the court that the prisoner should not be bound over for trial, is "too speculative to afford any basis for relief." State v. Van Regenmorter, Mo.Sup., 465 S.W.2d 613, 618; Fleck v. State, Mo.Sup., 443 S.W.2d 100, 101 [2].

Appellant claims that if Coleman v. Alabama is not to be applied retroactively he nevertheless had a right to appointment of counsel at the preliminary under Hamilton v. Alabama (1961), 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, which antedated the preliminary hearing. This point was raised and settled adversely to appellant's contention in State v. Ussery, Mo.Sup., 452 S.W.2d 146, and we need not plow this ground again.

■ Appellant next asserts error in the court's finding that he was adequately and effectively represented by counsel. Appellant argues that counsel should have moved to quash the information, should have requested a new preliminary hearing and should have moved to suppress the prisoner's confession. Contradicting himself, appellant then admits that counsel *did* file motions to accomplish these purposes, but objects that counsel did not advise the prisoner that these motions were filed. Appellant then executes another about face, admits that counsel *did* explain to him that the motions had been filed, but complains that counsel did not discuss with appellant the advisability of arguing those motions prior to entering the pleas of guilty. Whether the motions should have been argued was a technical, legal question as well as a strategic decision. While it would have been appropriate and doubtless preferable to discuss with their client the various reasons for not pressing the motions, counsel's failure to do so may not be characterized as ineffective representation. The contention that counsel should have made "reasonable investigation of the facts and of the applicable law to learn of readily available facts which might have afforded [the] client a legitimate justiciable defense" is wholly without substance, in view of the fact that appellant confessed this crime, never repudiated his confession, and does not even now proclaim his innocence or suggest any facts in defense which counsel, by exercise of required diligence, could have unearthed.

1. Sallee v. State, Mo.Sup., 460 S.W.2d 554, 559 [5]; State v. Lahmann, Mo.Sup., 460 S.W.2d 559, 564 [4]; Laster v. State, Mo.Sup., 461 S.W.2d 839, 840 [2]; Dean v. State, Mo.Sup., 461 S.W.2d 861, 863 [1]; State v. Chapman, Mo.Sup., 465 S.W.2d 472, 473 [2]; Hegwood v. State, Mo.Sup., 465 S.W.2d 476, 477 [1]; State v. Van Regenmorter, Mo.Sup., 465 S.W.2d 613, 618 [3]; Burgess v. State, Mo.Sup., 466 S.W.2d 673, 674; Geren v. State, Mo.Sup., 473 S.W.2d 704, 707 [3].

A review of the activities of the two lawyers appointed to represent appellant discloses that they rendered not only adequate and effective services but that their performance was far above average. They conferred several times, at length, with appellant. They discussed the charges, the facts, and the statements given by him to the authorities. These conferences were recorded on a dictaphone and the belts preserved. Counsel researched the law on the several charges and made charts of the possible penalties upon conviction, giving consideration to the fact that appellant was charged under the Habitual Criminal Act. They evaluated appellant's statements and those given the authorities by the prosecuting witnesses. They filed a motion to dismiss the information, and a motion to suppress evidence based upon a search made pursuant to an arrest without a warrant, for the purpose of conducting "a fishing expedition through the prosecutor's case, thereby obtaining first hand information we had not obtained at the time of [the] preliminary hearing." They negotiated with the prosecuting attorney to ascertain what could be accomplished by plea bargaining. The penalties in case of conviction of all charges could have totaled four life sentences and 40 years' imprisonment. While counsel's efforts to get the prosecuting attorney to settle for a total of 15 years' imprisonment were unsuccessful the prosecuting attorney did agree to dismiss all charges but two and recommend 20 years. After full consideration of all possibilities and after determining that the possibility of success before a jury was very remote, counsel laid all the facts before appellant, without in terms recommending a plea of guilty. On all the facts and prospects appellant made an independent decision to plead guilty. At the time of the plea counsel gave the court an extensive resumé of appellant's history, needs and prospects, and made an impressive plea for punishment not exceeding 10 years' imprisonment. There is no error in the court's finding that counsel adequately and effectively represented appellant.

Finally, appellant makes the general suggestion that the court erred "in failing to find that the entire sequence of events operated to deprive Movant of due process of law," reiterating lack of counsel at the preliminary and suggesting failure of counsel appointed by the circuit court "to give him a proper defense." It is volunteered that perhaps counsel failed to put forth the necessary effort "because [appellant] was indigent, and there were many paying clients who needed the time." Of this there is no evidence. There is ample evidence, on the contrary, that appointed counsel gave liberally of their time, and rendered services of a quantity and quality indistinguishable from those which would have been rendered to a client paying a substantial fee. The evidence abounds that appellant was accorded due process of law; that his plea of guilty was voluntarily, understandingly and knowingly made, with full knowledge of his predicament and prospects, independently, after receiving the benefit of competent legal advice.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.