**Earl KNIGHT, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57479.**

Supreme Court of Missouri,
Division No. 2.

March 12, 1973.

Charles C. Hatley, New Madrid, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HERBERT K. MOSS, Special Judge.

Notice of appeal was filed prior to January 1, 1972, and pursuant to Article V, Section 31, Constitution of Missouri V.A.M.S., appellate jurisdiction is with this Court.

This is an appeal from a judgment entered September 21, 1971, Circuit Court of New Madrid County, Missouri, denying a Motion filed under Supreme Court Rule 27.-26, V.A.M.R., by appellant (Movant Earl Knight) following an evidentiary hearing on July 27, 1971. In his motion, movant stated his grounds as follows: (a) Denial of proper preliminary examination in a homicide case and denial of counsel at preliminary examination and early stages of prosecution; (b) Improper amending of information, and information charges *deceased* died twice. Information fails to intelligently inform defendant of charges against him; (c) Denial of due process of law and effective assistance of counsel; (d) Denial of *statutory right to direct* appeal.

In a written Findings of Fact and Rulings of Law, the trial court, following the evidentiary hearing, found with respect to (b) as to the alleged irregularities with regard to the information, that the appellant failed to adduce any evidence that such information was prejudicial, and (a, c, d) with respect to the preliminary hearing, assistance of counsel and right of appeal, that counsel had made a thorough pre-trial investigation and effectively represented the appellant, that the appellant was not prejudiced by having waived preliminary examination without counsel and that co-counsel for appellant felt there was no error committed by the trial court and did discuss possible appeal with the appellant.

In the Circuit Court of New Madrid County, Missouri, on August 16, 1951, appellant was sentenced to serve his natural life on a murder first degree following a guilty jury verdict. No Motion for New Trial was filed nor was an appeal taken. Appellant waived preliminary hearing. Thereafter, attorneys Merril Spitler (deceased) and Harry H. Bock were appointed co-counsel for defendant. The murder charged occurred in 1947. The principal defense was an alibi. The court reporter for the trial has been unable to furnish a transcript, as his notes have either been misplaced, lost or otherwise unavailable. Appellant, male, white, at the time of trial was approximately 26 years of age, could read and write, had fourth grade education, and had previously been confined at Algoa. Co-counsel had previously practiced law 10 years and 20 years, respectively. Attorney Bock had handled numerous criminal trials prior to the instant murder trial. The state requested, argued and instructed on the death penalty. The appellant was described by Attorney Bock as a very uneducated man, "unable to help much" and "almost totally ignorant," and "slow in speech."

■ The Findings of Fact and Conclusions of Law are presumed to be correct unless they are clearly erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67. Findings of Fact and Conclusions of Law are clearly erroneous only if upon review of the entire record the court is left with the definite and firm impression that a mistake has been made. Crosswhite v. State, supra.

■ With respect to his point (a) "Denial of proper preliminary examination," etc., we find it reasonable to believe that, although preliminary examination was waived by appellant prior to appointment of counsel, trial co-counsel were sufficiently experienced and would have motioned for a remand for preliminary examination had they determined it to be to the best interest of the appellant. We find and believe that defense co-counsel prior to trial interviewed all witnesses endorsed and were

well aware of the state's evidence to be presented at the trial. Appellant argues that under Sections 544.370, RSMo 1969, V.A.M.S., and 544.250, RSMo 1969, V.A.M.S., a defendant cannot waive a preliminary hearing in a homicide case. We disagree and rule against appellant on this point. Where a defendant under a charge of murder in the first degree waived a preliminary hearing and nothing occurred in the proceedings before the magistrate which could have been used against the movant in subsequent proceedings, said proceeding in the magistrate court was not a critical stage which required appointment of counsel. Fleck v. State, Mo., 443 S.W.2d 100, 101. Also, see page 101, holding the fact defendant without counsel was not aware of the provisions of 544.370 did not change the situation. See also Carpenter v. State, Mo., 479 S.W.2d 466, 467, 468, ruling the doctrine in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, which recognized the right of counsel at a preliminary hearing does not apply retroactively to preliminary hearings conducted prior to June 22, 1970, citing Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202, decided March 6, 1972. In the absence of any showing of prejudice, and appellant has made no such showing, an accused is entitled to waive preliminary hearing without advice of counsel. Hegwood v. State, Mo., 465 S.W.2d 476, 477.

■ With respect to the point in his 27.26 Motion (b, supra), "Improper amending of information and information charges *deceased* died twice," etc., appellant at the evidentiary hearing testified that he knew he was charged with murder. The information filed in the murder trial is not part of this record; however, appellant contends the information charged the deceased was "mortally choked" and further alleges that she was "drowned." We now rule the information did inform the defendant of the charges against him.

■ With respect to his point (c), "Denial of due process of law, and ineffective assistance of counsel" and point (d), "Denial of statutory right to direct appeal," this court finds and believes as follows: that defendant's co-counsel were aware that defendant had waived preliminary examination; that co-counsel were aware of the right to motion for a remand for preliminary examination; that co-counsel before trial conferred with appellant; that they interviewed endorsed witnesses; that they prevailed on out-state witnesses to travel to New Madrid County to be deposed; that they were well aware of the importance of the alibi defense; that an instruction was given on alibi; that following pre-trial investigation co-counsel were "very concerned," that "this man might get the death penalty in this case" and that "the facts were very serious and that if he were convicted of the crime there was a strong likelihood at that time that a jury would give him the death penalty"; "As far as the defendant was concerned he always denied to us that he committed this crime"; that co-counsel felt a jury verdict with a life sentence was a "victory," as they believed there was strong exposure to the death penalty; that co-counsel "tried the case hard"; that appellant's contention at the evidentiary hearing that co-counsel had not interviewed him pre-trial is belied by the fact that co-counsel investigated and utilized, although unsuccessfully, the alibi defense of the case; that co-counsel found no trial errors, for which reason there was not filed a Motion for New Trial, nor Notice for Appeal; that had co-counsel felt there was a trial error they would have pursued after-trial remedies; and that co-counsel did discuss with appellant his right of appeal.

We now find and rule that appellant was not denied effective assistance of counsel and was not denied the statutory right to direct appeal.

■ "In order to assert a Sixth Amendment infirmity on this ground (denial of effective counsel), the circumstances must demonstrate that which amounts to a lawyer's deliberate abdication

**286**

of his ethical duty to his client [and] must be such conscious conduct as to render pretextual an attorney's legal obligation to fairly represent the defendant." ·Smith v. State, Mo., 473 S.W.2d 719, 722. There is a presumption of competency of counsel and a strong showing beyond mere conclusory allegations must be made before that presumption can be overcome. Kress v. United States, 411 F.2d 16 (8th Cir.).

We now rule that the Findings of Fact and Conclusions of Law as found by the trial court are not clearly erroneous.

Judgment affirmed.

MORGAN, P. J., and DONNELLY, J., concur.

HENLEY, J., concurs in result.