Sanford LEE, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9493.

Missouri Court of Appeals,
Springfield District.

April 22, 1974.

L. Dwayne Hackworth, Piedmont, for movant appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Charles B. Blackmar, Spec. Asst. Atty. Gen., St. Louis, for respondent.

BILLINGS, Judge.

This is an appeal from the order of the Circuit Court of Reynolds County denying Sanford Lee's motion to vacate judgments and consecutive sentences for breaking jail and escaping before conviction [§ 557.390, RSMo 1969, V.A.M.S.] which were imposed following his pleas of guilty. We affirm.

Appellant was arrested without a warrant by a Reynolds County deputy sheriff in the early morning hours of January 1, 1971, for the offense of leaving the scene of an accident [§ 564.450, RSMo 1969, V.A.M.S.]. Following his arrest the appellant sped away from the deputy in his automobile but was subsequently apprehended later in the day by the authorities and placed in the county jail of Reynolds County on the dual charges of leaving the scene of an accident and breaking custody of the deputy and escaping.

Since New Year's Day fell on Friday the Reynolds County Courthouse was closed that day as well as Saturday and Sunday. Sometime between mid-afternoon Sunday and early Monday morning the appellant broke jail and escaped. At that time formal charges had not been filed against appellant or warrants issued.

Appellant was taken into custody by Florida officers and returned to Reynolds County where he was lodged in the city jail at Ellington. The next day he broke jail and escaped. Thereafter he was picked up in East St. Louis, Illinois, and

returned to Reynolds County but pursuant to a circuit court order was placed in the county jail of Wayne County for safekeeping. Appellant again broke jail and escaped. Later he was located in the State of Indiana and returned to Missouri where he entered pleas of guilty to two charges of breaking jail and escaping before conviction in Reynolds County and a similar charge in Wayne County.

Appellant's post-conviction motion attacked the judgments and sentences of Reynolds County. The trial court conducted an evidentiary hearing and in compliance with Rule 27.26(i), V.A.M.R., made and filed findings of fact and conclusions of law in ruling adversely to appellant's various contentions.

Appellant's contentions in this appeal are two-fold. He asserts that since no formal charges had been filed against him when he was first incarcerated in the Reynolds County jail and that more than twenty hours had elapsed without a warrant being issued, contrary to § 544.170, RSMo 1969, V.A.M.S., he was not lawfully imprisoned or detained in the county jail and did not violate the provisions of § 557.390, RSMo 1969, V.A.M.S., by invoking the remedy of self-help in breaking jail and escaping. His other claimed ground for relief is that the records of the Reynolds County Magistrate Court do not affirmatively show that he was represented by an attorney at the time of his preliminary hearing.

■ Appellant's first point has previously been ruled by our Supreme Court. In State v. Testerman, 408 S.W.2d 90 (Mo. 1966), the court held that the fact no charge was pending or warrant issued at the time of an escape would not preclude a conviction for escaping custody under § 557.390. The later decision of McGinnis v. State, 460 S.W.2d 690 (Mo.1970), ruled that where imprisonment is under color of law a prisoner is not entitled to resort to self-help but must apply for his release through regular legal channels. Appellant does not dispute or deny that he had been lawfully arrested and placed in the county jail of Reynolds County for (1) leaving the scene of an accident and (2) breaking custody of the deputy sheriff and escaping. Appellant was clearly being held in jail under color of law and his breaking jail and escaping before conviction subjected him to the criminal consequences of § 557.390.

■ Appellant's second contention in this appeal is equally without merit. First of all the experienced trial judge who heard the evidence made the following findings of fact: "After numerous conferences with Lee, Mr. Lorch [Mr. Lee's court-appointed attorney] appeared with Lee and waived preliminary hearings for Lee in both counties and arranged for the dismissal of all pending and contemplated charges except one jail break in Wayne County and two jail breaks in Reynolds County." On the record presented we cannot say that this determination by the trial court is clearly erroneous.

■ A second and equally important reason why appellant cannot prevail on this point is that subsequent to the preliminary hearing, the transcript reflects that appellant understandingly, knowingly and voluntarily entered pleas of guilty. In Hegwood v. State, 465 S.W.2d 476 (Mo. 1971), post-conviction relief was denied the movant on his contention that his waiver of a preliminary hearing was invalid because he was not represented by counsel since his subsequent, constitutionally firm guilty plea waived all irregularities, if any, pertaining to his preliminary hearing.

The judgment is affirmed.

HOGAN, C. J., STONE and TITUS, JJ., and GREENE, Special Judge, concur.