

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111738 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| v. | ) | Cause No. 20AB-CR03303-01 |
| | ) | |
| DAVID THOMPSON, | ) | Honorable Ryan J. Helfrich |
| | ) | |
| Appellant. | ) | Filed: September 3, 2024 |

### Introduction

David Thompson ("Appellant") appeals from the judgment upon his conviction following a jury trial for one count of domestic assault in the fourth degree and one count of violation of an order of protection. On appeal, Appellant argues the trial court erred in: 1) denying Appellant's motion to dismiss for violation of the right to counsel because Appellant did not have counsel at his preliminary hearing, which is a critical stage of the criminal proceeding to which the right to counsel attaches; 2) conducting the preliminary hearing without appointing counsel to assist Appellant; 3) rejecting Appellant's proposed alternative jury instruction on the lesser-included offense of domestic assault in the fourth degree; and 4) giving a curative instruction after the jury returned inconsistent verdicts. We affirm the judgment of the trial court.

### Facts and Procedural History

1

*Facts*

Victim was visiting a friend in Washington, Missouri.[1] After exiting a business, Victim saw a vehicle he believed had been rented by Appellant, Victim's ex-boyfriend. Victim approached the vehicle to see if Appellant was inside. Appellant accelerated the vehicle towards Victim and struck him with the vehicle. Victim flew into the air and was injured. Appellant then left the scene.

*Procedural History*

The State charged Appellant, by felony complaint, with one felony count of domestic assault in the third degree and one misdemeanor count of violation of an order of protection.

Preliminary Hearing

On June 9, 2022, Appellant appeared without counsel at his preliminary hearing on the felony count. The court heard evidence and found "probable cause to believe the Defendant committed the felony charged." Appellant was then bound over to the circuit court for trial.

After the preliminary hearing, and with the assistance of counsel, Appellant filed a "Motion to Dismiss for Violation of Right to Counsel." Appellant alleged his lack of counsel at the preliminary hearing violated his right to counsel under the Sixth Amendment to the United States Constitution and the Missouri constitution because the preliminary hearing is a critical stage of criminal proceedings in Missouri, to which the right to counsel attaches. Following oral argument on the motion, the trial court denied the motion. The case proceeded to trial.

Lesser-Included Offense Instructions

---

[1] The personal identifying information of Victim has been omitted pursuant to RSMo § 509.520 (Supp. 2023).

Prior to closing arguments, the trial court held a jury instruction conference. The trial court asked if there was any objection to Instruction No. 7, the verdict director on the lesser-included offense of domestic assault in the fourth degree by "recklessly caus[ing] physical injury to [Victim] by striking [Victim] with a vehicle." The State responded it had no objection and that "the defense want[ed] this instruction as well." The State continued, regarding Instruction No. 7, that "nobody is saying that it is error[] or otherwise complaining of it at this time."

The trial court asked Appellant's trial counsel for any response regarding Instruction No. 7. Appellant's trial counsel stated, "No response," and elaborated "we are in agreement with this propos[ed] lesser." Trial counsel noted that he "previously submit[ted] an alternative proposal which ha[s] the same elements for third and fourth [degree domestic assault]." Trial counsel's alternative proposed instruction was for the lesser-included offense of domestic assault in the fourth degree by "attempt[ing] to cause physical injury to [Victim] by striking [Victim] with a vehicle." According to trial counsel, "the Court rejected that, and in lieu of that instruction, agreed to include [Instruction No. 7]." Appellant's trial counsel confirmed he had no objection to Instruction No. 7, and did not object to the trial court's rejection of Appellant's proposed lesser-included offense instruction.

### Jury Verdicts

After deliberations, the jury arrived at its verdicts. As to Count I, the jury returned the not-guilty verdict form, which stated, "As to Count I, we, the jury find the defendant, David M. Thompson, not guilty." The jury also returned the guilty verdict form for the lesser-included offense of domestic assault in the fourth degree pursuant to Instruction No. 7. That verdict form stated, "As to Count I, we, the jury, find the defendant David M. Thompson guilty of domestic

3

assault in the fourth degree as submitted in Instruction No. 7." Finally, the jury found Appellant guilty in Count II of violation of an order of protection.

After the clerk read the verdicts in open court, the trial court asked whether either party wanted the jury polled. Both parties declined. Immediately thereafter, the trial court stated, "The verdict of the jury, both as to Count I and to Count II, will be accepted by the Court and entered upon the record." The trial court then announced it would take a recess before proceeding to jury sentencing. The court admonished the jury not to discuss the case, do any research or investigation on its own, or read, view, or listen to any report regarding the case.

During the recess, the trial court and counsel determined that the jury had returned inconsistent verdicts on Count I.[2] The State prepared a curative instruction, Instruction No. 16, to return the case to the jury for continued deliberations. Appellant's trial counsel objected that the jury had found Appellant not guilty on Count I and, therefore, they should proceed to sentencing as to only Count II. The trial court overruled Appellant's objection.

---

[2] Whether the verdicts are truly inconsistent is not entirely clear from the record. The jury was instructed in Instruction No. 5, the verdict director for Count I, that it could find Appellant guilty or not guilty of domestic assault in the third degree, the charged felony offense. The jury returned the not-guilty verdict form, which stated only generally, "As to Count I, we, the jury find the defendant, David M. Thompson, not guilty," apparently acquitting Appellant of the felony offense of domestic assault in the third degree. The jury also was instructed in Instruction No. 7, the lesser-included offense verdict director, that if it did not find Appellant guilty of domestic assault in the third degree, it must consider whether he is guilty of domestic assault in the fourth degree. The jury returned the guilty verdict form, which more specifically stated, "As to Count I, we, the jury, find the defendant David M. Thompson guilty of domestic assault in the fourth degree as submitted in Instruction No. 7." Obviously, the jury's acquittal of Appellant on the greater offense of domestic assault in the third degree would not be inconsistent with its conviction of Appellant on the lesser-included offense of domestic assault in the fourth degree. The apparent inconsistency in the verdicts more accurately may be described as a lack of specificity in the verdict form for domestic assault in the third degree, which did not specify the offense and failed to reference the verdict director for that offense. This is no fault of the jury. Nonetheless, the trial court and the parties approached the verdicts as inconsistent, and, for purposes of this appeal only, we do as well.

After returning from the recess, the trial court informed the jury its verdicts on Count I were inconsistent and the court would not accept them. Pursuant to the curative instruction, Instruction No. 16, the court instructed the jury to return to its deliberations and specify whether it had found Appellant not guilty as to Count I or guilty of domestic assault in the fourth degree as submitted in Instruction No. 7. Following additional deliberations, the jury returned a guilty verdict on the lesser-included offense of domestic assault in the fourth degree. The trial court then proceeded to jury sentencing.

Appellant now appeals.

## Discussion

### Points I & II

We consider Points I and II together. In his first point, Appellant argues the trial court erred in denying Appellant's "Motion to Dismiss for Violation of Right to Counsel" because Rule 31.02(a) requires the court to appoint counsel at critical stages of the proceedings and Appellant's preliminary hearing was a critical stage of the proceedings.[3] In his second point, Appellant argues the trial court erred in denying Appellant's "Motion to Dismiss for Violation of Right to Counsel" because the associate circuit judge improperly conducted the preliminary hearing, a critical stage of the proceedings, without first appointing counsel in violation of Appellant's constitutional right to counsel.

*Standard of Review*

---

[3] All Rule references are to the Missouri Supreme Court Rules (2023), unless otherwise indicated.

5

We review *de novo* the issue of whether the trial court violated Appellant's right to counsel. *State v. Sisco*, 458 S.W.3d 304, 312 (Mo. banc 2015); *State v. Washington*, 9 S.W.3d 671, 675 (Mo. App. E.D. 1999).

*Analysis*

In deciding Appellant's Points I and II, we consider, first, whether the preliminary hearing is a critical stage of the proceedings at which a defendant has a right to counsel. If so, then we consider whether Appellant was prejudiced by any deprivation of that right.

The "Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings." *State v. Woolery*, 687 S.W.3d 652, 663 (Mo. banc 2024) (quoting *State ex rel. Mo. Pub. Def. Comm'n v. Waters*, 370 S.W.3d 592, 606 (Mo. banc 2012)). Critical stages are defined as "proceedings between an individual and agents of the state, whether formal or informal, that amount to trial-like confrontations, at which counsel would help the accused in coping with legal problems or meeting his adversary." *Id.* (quoting *Rothgery v. Gillespie Cnty.*, 554 U.S. 191, 212 n.16 (2008)) (internal quotation marks omitted). "Critical stages are 'those pretrial procedures that would impair defense on the merits if the accused is required to proceed without counsel.'" *Id.* (quoting *Gerstein v. Pugh*, 420 U.S. 103, 122 (1975)).

After the United States Supreme Court's decision in *Coleman v. Alabama*, 399 U.S. 1 (1970), which held that a preliminary hearing in Alabama was a critical stage of that state's criminal process to which the right to counsel attaches, whether a preliminary hearing is a critical stage of criminal proceedings in Missouri remained an open question. In *State v. Caffey*, 457 S.W.2d 657 (Mo. 1970), the Supreme Court of Missouri explicitly reserved decision of that question and instead observed, "Because of the difference between the functions and procedures

6

in preliminary hearings in Alabama and Missouri it is unclear whether the rule of *Coleman* is to be applied in this State." *Id.* at 663 (internal citation omitted).[4]

Following our Supreme Court's lead, we do not decide whether a preliminary hearing is a critical stage of criminal proceedings. Even if we were to assume *arguendo* that Appellant's preliminary hearing was a critical stage at which he was entitled to assistance of counsel, we perceive neither a cognizable claim nor any prejudice to Appellant from the absence of counsel at his preliminary hearing.

First, considering Appellant's ultimate acquittal on the felony offense at trial, his claim that his right to counsel was violated at the preliminary hearing on that offense is theoretical at best. "An appellate court will not consider academic, moot, or abstract questions in criminal cases." *State v. Williams*, 411 S.W.3d 315, 320 (Mo. App. E.D. 2013); *State v. Brock*, 113 S.W.3d 227, 233 (Mo. App. E.D. 2003).

Similarly, to warrant reversal for lack of counsel at his preliminary hearing, Appellant must demonstrate prejudice, "that is, that anything that happened at the preliminary hearing was critical to the fairness of his trial, or that he was affirmatively prejudiced at the trial by anything

---

[4] *But see State ex rel. Vaughn v. Morgett*, 526 S.W.2d 434, 436 (Mo. App. K.C. 1975). In *Vaughn*, the Kansas City District of this Court, despite the Supreme Court's distinction of *Coleman* and express reservation of the issue in *Caffey*, relied on *Coleman* to hold "the preliminary hearing stage in a felony criminal proceeding is a 'critical stage' of the criminal process." *Id.*; *see also State v. Barnard*, 820 S.W.2d 674, 679 (Mo. App. W.D. 1991) (citing *Vaughn* for proposition that "[t]he preliminary hearing in a felony prosecution is indeed a critical stage of the criminal process where an accused's sixth amendment right to counsel attaches"), *abrogated on other grounds*, *State v. Bernard*, 849 S.W.2d 10, 15 n.2 (Mo. banc 1993). Most recently, while this case was pending, our Supreme Court has held that initial appearances and arraignments are not critical stages of criminal proceedings but did not address preliminary hearings. *See Woolery*, 687 S.W.3d at 664, 666.

that happened at the preliminary hearing, or that he was deprived of some affirmative advantage at the trial by absence of counsel at the preliminary hearing." *Caffey*, 457 S.W.2d at 663.[5]

Appellant asks us to find prejudice because "Appellant's lawyer cross-examined the State's witnesses at trial in such a way that resulted in the jury acquitting Appellant of the felony offense with which he was charged." Appellant reasons that, because his lawyer was successful in gaining an acquittal on the felony offense of domestic assault in the third degree at trial, a similar cross-examination would have exposed the same weaknesses in the State's case at the preliminary hearing and Appellant may not have been bound over for trial in the circuit court. Appellant insists "the prejudice here is obvious and clear, and not 'speculative' . . .." (citing *Carpenter v. State*, 479 S.W.2d 466, 468 (Mo. 1972) (holding claim of prejudice, "based on possibility that if counsel had been present at the preliminary [hearing] he could have cross-examined the prosecuting witness . . . [and] might have convinced the court that the prisoner should not be bound over for trial, is too speculative to afford any basis for relief" (internal quotation omitted)).

As the State points out, however, Appellant's allegation of prejudice is highly speculative and is not a basis for relief. *Carpenter*, 479 S.W.2d at 468. In Missouri, the purpose of a preliminary hearing is to determine "whether there is probable cause to believe that a felony has been committed and whether [the] accused is the offender and if so to bind him over to answer a

---

[5] In some contexts, the violation of a Sixth Amendment right has been presumed prejudicial. *See J.A.T. v. Jackson Cnty. Juv. Off.,* 637 S.W.3d 1, 7 (Mo. banc 2022) (properly preserved confrontation clause violation presumed prejudicial); *State v. Smith*, 636 S.W.3d 576, 579 (Mo. banc 2022) (same). But the presumption of prejudice, even when applicable, is rebuttable and, for the reasons stated above, would be rebutted here. *See State v. Perkins*, 656 S.W.3d 285, 295 (Mo. App. E.D. 2022) ("Where the defendant has properly preserved the error for appellate review, it is the State's burden to rebut this presumption by demonstrating that it was harmless beyond a reasonable doubt.").

formal charge in circuit court." *State v. Ussery*, 452 S.W.2d 146, 148 (Mo. 1970). To obtain a criminal conviction at trial, on the other hand, the State must prove the elements of the offense beyond a reasonable doubt. *State v. Sigmon*, 517 S.W.3d 653, 657 (Mo. App. E.D. 2017). The fact that Appellant was acquitted of the felony offense at trial, where Appellant was represented by counsel and the State bore the burden of proof beyond a reasonable doubt, does not suggest that, had Appellant been represented by counsel at the preliminary hearing, the State would have failed to carry its much lower probable cause burden of proof.

In sum, Appellant's claim is not cognizable and he was not prejudiced by the absence of counsel at his preliminary hearing.

Points I and II are denied.

### Point III

In his third point, Appellant argues the trial court erred in rejecting Appellant's proposed lesser-included offense instruction for domestic assault in the fourth degree containing identical elements to the felony offense of domestic assault in the third degree.

*Preservation*

Rule 28.03 requires that "counsel shall make specific objections to instructions . . . considered erroneous." Rule 28.03. "No party may assign as error the giving or failure to give instructions . . . unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." *Id.*

Here, Appellant did not object to the trial court's rejection of his proposed lesser-included offense instruction. Instead, trial counsel noted that he previously submitted the lesser-included offense instruction with the same elements as domestic assault in the third degree. According to trial counsel, the trial court "rejected that, and in lieu of that instruction, agreed to include

9

[Instruction No. 7]," the lesser-included offense instruction ultimately given to the jury. Far from objecting, Appellant's trial counsel expressed, "we are in agreement with this propos[ed] lesser."

Missouri courts have "long held that a defendant cannot complain about an instruction given at his request." *State v. Bolden*, 371 S.W.3d 802, 806 (Mo. banc 2012). At most, we may review for plain error. *See State v. Oudin*, 403 S.W.3d 693, 696–97 (Mo. App. W.D. 2013).

*Standard of Review*

Plain error review is a two-step process. *State v. Oliver*, 655 S.W.3d 407, 412 (Mo. App. E.D. 2022). We will review for plain error under Rule 30.20 only if both steps are met. *State v. Stevens*, 684 S.W.3d 379, 382 (Mo. App. E.D. 2024). First, the court must determine whether the claimed error is a "plain error affecting substantial rights." *Oliver*, 655 S.W.3d at 412 (quoting Rule 30.20). Plain error is error that is "evident, obvious, and clear." *Id.* (quoting *State v. DeRoy*, 623 S.W.3d 778, 789 (Mo. App. E.D. 2021)). "Second, the court must determine whether 'the claimed error actually resulted in manifest injustice or miscarriage of justice.'" *Id.* (quoting *State v. Robinson*, 484 S.W.3d 862, 870 (Mo. App. E.D. 2016)). "Manifest injustice is determined by the facts and circumstances of the case, and the defendant bears the burden of establishing manifest injustice." *Id.* (quoting *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006)). "To obtain a new trial on direct appeal based on a claim of plain error, the appellant must show 'the error was outcome determinative.'" *Stevens*, 684 S.W.3d at 383 (quoting *State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022)).

*Analysis*

Appellant fails to demonstrate manifest injustice or outcome-determinative error. Appellant argues the trial court erred in rejecting his requested alternative lesser-included offense instruction for domestic assault in the fourth degree because the jury acquitted Appellant of the

10

felony offense of domestic assault in the third degree and instead convicted him of domestic assault in the fourth degree, a misdemeanor, which required Appellant to have recklessly caused physical injury to Victim. Appellant asserts that, with his requested instruction, he would have been acquitted on both domestic assault in the third degree and domestic assault in the fourth degree. He reasons that "Appellant's proposed submission of the lesser-included offense of domestic assault in the fourth degree contained the same facts required to establish the commission of the verdict directing instruction of domestic assault in the third degree, on which the jury acquitted Appellant," that is, that Appellant attempted to cause physical injury to Victim.

In the run-of-the-mill case of instructional error based on a trial court's refusal to give a lesser-included offense instruction, prejudice typically results from the defendant's conviction on a greater offense without the jury's having had the opportunity to consider the lesser-included offense. *See, e.g., State v. Smith*, 522 S.W.3d 221, 228 (Mo. banc 2017) (concluding defendant convicted of burglary in the first degree was prejudiced by court's failure to instruct on lesser-included offense of trespass in the first degree).

Here, the jury was instructed on both the greater offense, domestic assault in the third degree, and the lesser-included offense in Instruction No. 7, domestic assault in the fourth degree by recklessly causing physical injury to Victim. And the jury acquitted Appellant of the greater offense and instead found Appellant guilty of the lesser-included offense. Appellant nevertheless maintains the trial court erred, and Appellant was prejudiced, by the trial court's rejection of Appellant's proposed alternative instruction on the lesser-included offense of assault in the fourth degree.

Appellant's argument seems to assume that the two lesser-included offenses are mutually exclusive, meaning that if the trial court had given the lesser-included offense instruction

11

submitted by Appellant, it could not have given Instruction No. 7, the "reckless" lesser-included offense instruction on which the jury convicted him. Thus, he appears to intimate that, had the jury not been given Instruction No. 7, it would have acquitted Appellant of both the felony of domestic assault in the third degree and his proposed lesser-included offense of domestic assault in the fourth degree.

Appellant's argument fails for several reasons. First, Appellant does not argue, much less establish, that the two lesser-included offenses are mutually exclusive, such that one lesser-included offense instruction would have precluded the other. *See generally State v. Lenzing*, 551 S.W.2d 846, 847-48 (Mo. banc 1977) (finding two separate offenses constituting burglary in the second degree not mutually exclusive); *see also, e.g., State v. Redmond*, 686 S.W.3d 333, 344 (Mo. App. E.D. 2024) (jury instructed on two lesser-included offenses); *State v. Hamm*, 675 S.W.3d 630, 635-36 (Mo. App. E.D. 2023) (same).

Second, even if the two lesser-included offenses were mutually exclusive, Appellant did not object to the trial court's giving Instruction No. 7, the "reckless" lesser-included offense instruction. *See* Rule 28.03; *State v. Kerksiek*, 670 S.W.3d 32, 41 (Mo. App. W.D. 2023). Nor does Appellant argue on appeal that the trial court erred in giving Instruction No. 7. *See* Rule 84.04(d), (e); *Holmes v. Union Pacific R.R. Co.*, 617 S.W.3d 853, 859 n.2 (Mo. banc 2021) (stating arguments not contained in points relied on are abandoned). Instead, his only argument on appeal is that the trial court erred in rejecting his proposed alternative lesser-included offense instruction.

For these reasons, even assuming the trial court erred in rejecting Appellant's proposed lesser-included offense instruction, nothing would have prevented the trial court from also giving Instruction No. 7, on which the jury ultimately convicted Appellant. Thus, Appellant fails to

12

demonstrate manifest injustice or outcome-determinative error from the trial court's rejection of Appellant's proposed lesser-included offense instruction. We therefore decline to review for plain error.

Point III is denied.

Point IV

In his fourth point, Appellant argues the trial court erred in giving a curative instruction as to Count I after it accepted the jury's verdict of acquittal as to Count I, which subjected Appellant to double jeopardy.

*Preservation*

As already stated, "counsel shall make specific objections to instructions . . . considered erroneous." Rule 28.03. "No party may assign as error the giving or failure to give instructions . . . unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." *Id.*

Here, Appellant failed to object to Instruction No. 16, the curative instruction. Pointing to the jury's apparent not-guilty verdict on Count I, Appellant objected to proceeding to sentencing on that count. He did not make a specific objection to Instruction No. 16 itself or to giving the curative instruction. Appellant therefore failed to preserve the issue for appeal, and we may review for only plain error. *Oudin*, 403 S.W.3d at 696–97. Appellant requests plain error review under Rule 30.20.

*Analysis*

"An attempt by a jury to return a verdict that is not accepted by the trial judge is not a verdict. A verdict is not binding until the court accepts it and the jury is discharged." *State v. Peters,* 855 S.W.2d 345, 349–50 (Mo. banc 1993); *State v. Owens*, 270 S.W.3d 533, 543 (Mo.

13

App. W.D. 2008); *State v. Flemons*, 144 S.W.3d 877, 883 (Mo. App. W.D. 2004). "A trial court's refusal to accept an inconsistent verdict 'is not a situation which places a defendant in double jeopardy.'" *Peters*, 855 S.W.2d at 350; *see also State v. Griffin*, 28 S.W.3d 480, 481 (Mo. App. E.D. 2000) ("Jeopardy does not attach when a court refuses to accept a jury's verdict.").

Notwithstanding the trial court's initial statement, "The verdict of the jury, both as to Count I and to Count II, will be accepted by the Court and entered upon the record," the jury's verdicts were not binding until the trial court accepted them and the jury was discharged. *See Peters,* 855 S.W.2d 345, 349–50. Whether or not the trial court's statement, in the future tense, that the verdicts "will be accepted" amounted to its acceptance of the verdicts immediately upon receiving them, there is no dispute that the jury was not then discharged.

Rather, after recognizing the inconsistent verdicts, the trial court informed the jury it would not accept the verdicts. Pursuant to the curative instruction, Instruction No. 16, the court properly instructed the jury to return to its deliberations and to specify whether it had found Appellant not guilty as to Count I or guilty of domestic assault in the fourth degree as submitted in Instruction No. 7. *See Flemons*, 144 S.W.3d at 883 ("When a jury attempts to return verdicts that are inconsistent, the circuit court should reject the jury's verdict and send it back to the jury for further deliberation to resolve the inconsistency."). Following additional deliberations, the jury returned a guilty verdict on the lesser-included offense of domestic assault in the fourth degree. The trial court then proceeded to jury sentencing and, only thereafter, discharged the jury.

Thus, the trial court did not accept the inconsistent verdicts and did not discharge the jury until after the inconsistent verdicts had been resolved. Accordingly, the inconsistent verdicts, including the jury's apparent acquittal of Appellant on Count I, were not binding verdicts,

14

jeopardy did not attach, and Appellant was not subjected to double jeopardy by the trial court's giving the curative instruction. *See Peters*, 855 S.W.2d at 349–50; *Owens*, 270 S.W.3d at 543; *Flemons*, 144 S.W.3d at 883.

For these reasons, Appellant fails to demonstrate any error, plain or otherwise, and we decline to review for plain error.

Point IV is denied.

## **Conclusion**

For the foregoing reasons, we affirm the judgment of the trial court.

_____
Cristian M. Stevens, J.

James M. Dowd, P.J., and
Angela T. Quigless, J., concur.