Roy DEAN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 55367.

Supreme Court of Missouri, Division No. 2.

Jan. 11, 1971.

Leon L. Stelling, Cole Camp, for movant-appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

RICHARD P. SPRINKLE, Special Judge.

Movant appeals from the action of the Circuit Court, Benton County, in denying his motion for relief under Supreme Court Rule 27.26, V.A.M.R.

The charge against appellant was statutory rape. His plea was guilty. The motion and appeal attack certain elements of that plea and movant seeks to have the sentence which was imposed vacated or set aside.

On September 19, 1961, on affidavit of the Prosecuting Attorney of Benton County, Missouri, a warrant was issued for the arrest of appellant. At the time of his arrest, the sheriff informed him as to why he had been arrested.

Three days later he was arraigned in Magistrate Court, and the judge advised him of the charge lodged against him. Appellant waived formal reading of the charge and waived preliminary hearing. Appellant asserts that he was satisfied to be bound over to Circuit Court for trial. The Magistrate's transcript shows that on September 22, 1961, the following transpired:

"* * * arraigned before this Court and the Court explains to the defendant the nature of the charge and the complaint is duly read to the defendant. The defendant is given an opportunity to consult with an attorney. A. The defendant, after his right to insist upon a preliminary hearing has been explained to him by the Court, waives such preliminary examination * * *."

Three days later, on September 25, 1961, the Prosecuting Attorney filed an Information in the Circuit Court of Benton County charging appellant with statutory rape. Two days later the appellant appeared before the Circuit Judge to answer to the charge.

Despite the fact appellant was not represented by counsel and did not desire coun-

sel, the Circuit Judge appointed a lawyer for him. His appointed counsel was a former prosecuting attorney who held that office at a time when appellant was previously convicted of arson in Benton County. Appellant knew his appointed counsel as an experienced attorney.

His attorney, with the court file in hand, consulted with appellant about the pending charge of statutory rape. There was some uncertainty in appellant's testimony about the length of time he advised with counsel. Appellant, in referring to the time of his arrest and subsequent plea, acknowledged that he was "drunk most all the time," that his thinking was "all messed up" and he drank "too much, too often." In addition, he stated he was nervous at the time of his plea and this nervousness was attributed to his inability to obtain a drink of wine which appellant stated would straighten out his thinking. Appellant testified that it "took me six months after I was in the penitentiary before I ever really got straightened out to where I could get to thinking straight."

Despite his lack of liquid fortification, the appellant recalled that he only spent two to three minutes with appointed counsel before entering his guilty plea. Other witnesses estimated the time within the range of five to twenty minutes. There were no written memos covering the time spent, so each witness had to rely on his memory to recall this element of the case after a time lapse of over seven years.

Appellant, during the discussion with his court-appointed attorney, insisted that he wanted to plead guilty to the charge of statutory rape. He acknowledged that a jury trial could mean more penitentiary time. He and his attorney discussed several separate and independent incidents that would constitute the crime of rape. Appellant was concerned that the charge might be changed to forcible rape, and he knew the punishment could conceivably be greater for this crime.

Appellant's appointed attorney stated that during his counseling with appellant he discussed getting a continuance for a jury trial. However, appellant seemed anxious to dispose of the case that day. Appellant didn't seem confused about his plea, and the attorney explained to appellant that he could get the death penalty.

Appellant pleaded guilty on that date and received a twenty (20) year sentence.

■ In dealing with the first assignment of error, appellant contends that the Court erred when counsel was not appointed for him at the preliminary hearing. Questions put to the appellant at the time of hearing on his motion would indicate that he didn't recall the Court explaining to him the reason for having a preliminary hearing. It was never determined that the appellant did not already know what a preliminary hearing was, and its purpose. Appellant was no stranger to the Court, having previously traveled the route on an arson charge. Piecing together the saga from arrest to plea, the appellant's own version indicates an air of desired dispatch on his part.

The appellant does not demonstrate that he was prejudiced by a failure to appoint counsel at the preliminary hearing. The rule announced in Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1969) is not applicable. State v. Caffey, Mo., 457 S.W.2d 657. By the procession of events, there is every reason to conclude that appellant was anxious to move the judicial proceedings along at an accelerated rate and afford him the chance to plead to a less offensive charge.

Also, and equally important, was the finding of the trial court that the Magistrate Court transcript shows that appellant was given an opportunity to consult with an attorney." The trial court, having had the opportunity to hear and observe the witnesses and evaluate appellant's denial of this fact, has ruled that issue against the appellant, and this Court will not disturb

that finding unless clearly erroneous. Accordingly, this ground is ruled against appellant.

■ The Court will deal with the next two assignments of error together because they are closely related. Appellant contends that his plea of guilty was involuntary in that it was not made with an understanding of the consequences of the charge against him and he did not have sufficient time to consult with appointed counsel.

The purpose of the Court inquiring of the defendant regarding his guilty plea is essentially twofold. First, the Court should be assured that the defendant intelligently understands the nature of the crime with which he is charged and its penalties. Second, knowing these facts, the defendant is free to decide whether or not to enter a plea of guilty to the charge.

However, these are relative terms and the range of questioning to satisfy these requisites varies as greatly as the individual defendants involved. There seems to be ample evidence in this case that the appellant knew the death penalty could be assessed against him. He was certainly making intelligent maneuvers to avoid that result.

He admitted the charge, which confronted him, was read to him by the Magistrate Judge and that this same charge faced him at the time of his plea in Circuit Court. Perhaps for reasons best known to the appellant alone, he appreciated the fact that a jury trial could mean a far more severe penalty.

Bearing in mind that the court reporter was absent on the date of the plea because of illness and the witnesses had to recall what happened some seven years before, this Court cannot help but be unimpressed with the accuracy of appellant's memory about certain details. One of appellant's basic contentions is that he did not have sufficient time to consult with appointed counsel prior to his plea. He also contends that his constant state of intoxication kept him from thinking straight about things. The record discloses that appellant had been in jail for about six days before his plea, and that during that time he had not had any intoxicants to drink. It is not the desire of the Court to treat this matter lightly, nor have the record on this issue considered frivolous. A good deal of evidence was elicited from appellant regarding his drinking habits, and the trial Court could well have considered his argument as inconsistent when he stated at the time of the plea he couldn't clearly think things out, yet seven years later he had a clear recollection of many of the events of his plea.

This Court is not aware of any judicial timetable which is a guide for lawyers in the length of time they must spend with clients in order to be assured that they have fully advised them of their rights and that their desire to plead guilty is voluntary.

In Pedicord v. Swenson, D.C., 304 F. Supp. 393, the Court adopted a per se rule shifting the burden of going forward with the evidence to the State on the issue of effective assistance of counsel in a situation where counsel conferred with defendant for a period not to exceed ten minutes prior to the entry of the guilty plea. Cf. Meller v. Swenson, D.C., 309 F.Supp. 519, 524–525 [4–6]. (Opinion by Becker, Chief Judge.) In Pedicord v. Swenson, 8th Cir., 431 F.2d 92 (1970), the United States Court of Appeals for the Eighth Circuit declined to "pass upon the validity of the per se rule adopted by the trial Court," noting that the Supreme Court of the United States, in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 1982–1983, 26 L.Ed.2d 419, 430, said: "Unquestionably, the courts should make every effort to effect early appointments of counsel in all cases. But we are not disposed to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel or to hold that, whenever a habeas corpus petition alleges a belated appoint-

ment, an evidentiary hearing must be held to determine whether the defendant has been denied his constitutional right to counsel."

In this case, a continuance was discussed, and several incidents of rape were discussed. Appellant concedes that his court-appointed attorney did not hurry him, and he insisted he wanted to plead guilty. Appellant's knowledge of pending charges and possible sentences support very well his accomplishments in the "plea bargaining" which followed.

Appellant admits on the record that the judge inquired if he had been coerced into the plea, and the appellant said his plea was voluntary. Appellant, in his brief, recounts various items in the record, which if taken alone, would indicate a lack of voluntariness and a suggestion of inadequate counsel. However, when considering the whole record, this Court finds no substantial evidence that appellant did not understand the nature of the pending charges, that his plea was not voluntary, or that he was deprived of time to counsel with his attorney.

■ The next issue raised by appellant is nearly conceded in his brief as being without merit. The point raised by appellant is that the Information filed by the Prosecuting Attorney was based on information and belief rather than on his personal knowledge of the facts of the offense, and, therefore, appellant's rights were denied under due process and equal protection.

No cases in point are cited by appellant. The trial court properly and correctly dealt with this issue.

Section 56.060 V.A.M.S. requires that "Each prosecuting attorney shall commence and prosecute all civil and criminal actions in his county  *   *   *"

Section 545.240 V.A.M.S. states that "All informations shall be signed by the prosecuting attorney and be verified by his oath or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person, which shall be filed with the information; the verification by the prosecuting attorney may be upon information and belief."

The procedure followed by the prosecuting attorney here was proper under the statute and no error is found.

■ Appellant's remaining claim of error deals with his inability to secure a complete transcript of his guilty plea and the record dealing with that plea before filing his Motion to Vacate Sentence under Supreme Court Rule 27.26.

Appellant has correctly asserted the law in his brief by reference to the case of State v. Keeble, Mo., 427 S.W.2d 404 (1968). With regard to this very issue, the Court stated, loc. cit. 408: "If an indigent defendant files a motion under Rule 27.26 alleging sufficient facts to entitle him to an evidentiary hearing, and a consideration of a part or all of the original trial transcript is necessary to a determination of the question or questions raised, then a partial or complete transcript should be ordered."

The Court further stated, loc. cit. 408: "*   *   * defendant is not entitled to such a transcript simply to permit a fishing expedition to determine if any kind of error can be found."

There is no merit to this issue raised by appellant. Accordingly, the judgment is affirmed.

All of the Judges concur.