**STATE of Missouri, Respondent,**

v.

**Willard Harrison TERRY, Appellant.**

**No. 56750.**

Supreme Court of Missouri, Division No. 1.

Oct. 9, 1972.

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Stephen L. Harwood, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; Paul T. Miller, Executive Director, Willard B. Bunch, Chief Defender, Kansas City, of counsel.

HIGGINS, Commissioner.

Willard Harrison Terry, charged with robbery, first degree, by means of a dangerous and deadly weapon, was convicted

by a jury which assessed his punishment at 15 years' imprisonment. Sentence and judgment were rendered accordingly. §§ 560.120, 560.135, V.A.M.S. (Appeal taken prior to January 1, 1972.)

Appellant demonstrates the sufficiency of evidence to sustain his conviction by the statement in his brief: " * * * that on May 3, 1970, Scott McMillen was working the 3 p. m. to 11 p. m. shift at the '7–11' Store on 57th Street and Troost in Kansas City, Missouri; that at approximately 10:35 or 10:40 p. m. when no customers were in the store a brown skinned, slightly pockmarked Negro male entered the store wearing a blue nylon coat, a dark brown Russian style hat, blue trousers, and a Fu Manchu mustache and beard; that the man's appearance upon entering the store caused McMillen to trip the silent alarm to police headquarters because of a description he had been given of a man who robbed the same store two weeks earlier; that the man picked up a package of buns, approached the edge of one of the two cash registers on the counter behind which McMillen was standing, pulled out a gun, stuck it in McMillen's face, and told him to put all the money in the sack; that McMillen placed approximately $84.00 in the sack, was told by the robber to lie on the floor behind the counter and that if he saw his head he would blow his brains out; that the robber left the store and was next seen by McMillen going north toward 56th Street approximately 10:45 p. m. Patrolman Columbus L. Cook and another reserve officer arrived at the scene in response to the holdup alarm, took a description of the robber from McMillen and broadcast that description; that shortly after midnight of the same evening McMillen responded to the Crimes Against Persons Unit of Kansas City, Missouri, Police Department where Detective Clarence Luther showed McMillen thirty to forty police photographs out of which McMillen picked Willard Terry's picture; that a pickup was then issued for this suspect; that on May 4, 1970, Detective Floyd Smith conducted a lineup at police headquarters at which Scott McMillen identified Willard Terry and signed a statement concerning the offense and his identification of Willard Terry." The victim, Scott McMillen, identified defendant as the robber at trial also. The defense was alibi.

Prior to trial defendant filed a motion to dismiss on the ground he was not afforded counsel at his May 14, 1970 preliminary hearing although the Public Defender was present in the Magistrate Court. Appellant's only claim of error goes to the denial of this motion. Citing Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L. Ed.2d 387, he asserts: "the refusal of the magistrate to appoint counsel to represent the defendant at his preliminary hearing was a denial of his rights under the Sixth and Fourteenth Amendments to the United States Constitution."

On June 22, 1970, Coleman v. Alabama, supra, announced that the preliminary hearing was a critical stage of a prosecution requiring counsel as a constitutional right for protection of rights of defendants. On December 7, 1970, this court amended its Rule 23.03, V.A.M.R. effective July 1, 1971, in compliance with Coleman v. Alabama, supra, by adding: "It shall be the duty of the [magistrate] court to advise him of his right to counsel, and of the willingness of the court to appoint counsel to represent him if he is unable to employ counsel."

However, neither Coleman v. Alabama, supra, nor Rule 23.03, as amended, affords any relief to appellant because the requirement enunciated by Coleman v. Alabama does not apply retroactively to preliminary hearings conducted prior to June 22, 1970. This was settled by Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202, decided March 6, 1972. Consistently, Missouri has not applied Coleman v. Alabama retroactively. Dean v. State, Mo., 461 S. W.2d 861 (1971); State v. Lahmann, Mo., 460 S.W.2d 559 (1970); Sallee v. State, Mo., 460 S.W.2d 554 (1970); State v. Caffey, Mo., 457 S.W.2d 657 (1970); Rule 23.-

03, V.A.M.R. See also Konvalin v. Sigler, 8 Cir., 431 F.2d 1156 (1970).

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the Court.

HOLMAN, P. J., SEILER, J., and KEET, Special Judge, concur.

BARDGETT, J., not sitting.