**STATE of Missouri, Respondent,**

**v.**

**Kenneth Ray MULLIN, Appellant.**

**No. 34884.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Oct. 30, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Darryl L. Hicks, Pros. Atty., Warrenton, Charles B. Blackmar, Sp. Asst. Atty. Gen., Clayton, for respondent.

Koenigsdorf, Kaplan, Kraft, Fox & Kusnetzky, James R. Wyrsch, Kansas City, William J. Cason, Clinton, for appellant.

CLEMENS, Judge.

Defendant appeals following a jury trial at which he was found guilty of second degree burglary and stealing. Sections 560.-070 and 560.156, V.A.M.S. The jury assessed punishment at five years on each count. The court overruled the Motion for New Trial and judgment was entered in accordance with the verdict, the terms to be served consecutively.

■ The first question is whether the state proved the owner's lack of consent to the burglary and stealing. His contention is that the state was obliged to prove lack of consent by direct testimony of the owner. Not so. Lack of consent may be established by circumstantial evidence giving rise to a reasonable inference that the taking was done without consent. State v. Webb, 423 S.W.2d 795 (Mo.1968). There was circumstantial evidence that the owner did not consent to the burglary and stealing. The goods were taken from his retail store and entrance was gained to it after it was closed for the night by using a crowbar. On the morning after the taking, an employee of the owner called the sheriff and then both the owner and the sheriff examined the premises and found it in disarray and merchandise and narcotics missing. There was further testimony by one of defendant's accomplices as to the circumstances—defendant chose the store because it appeared to be "easy to enter,"

and the breaking in was accomplished forcibly. Defendant's first point is denied.

■ Defendant next contends the court erred in denying his motion to inspect statements given by witnesses to the Prosecuting Attorney. None of the statements in question were used at trial and there was no showing the denial of the motion rendered the trial fundamentally unfair. Accordingly, it was within the trial court's discretion to deny the motion. State v. Aubuchon, 381 S.W.2d 807 (Mo.1964). See also State v. Coleman, 441 S.W.2d 46 (Mo.1969) and State v. Smith, 431 S.W.2d 74 (Mo.1968).

Defendant's final point concerns the court's failure to instruct the jury on the credibility of accomplices and the necessity for corroborating evidence. Defendant did not, however, submit a written proposed instruction but merely asked the judge orally to "instruct the Jury on the credibility of witnesses and how such credibility should be charged before the jury."

■ Section 546.070(4), RSMo 1969, V.A.M.S., requires a trial court, whether requested or not, to instruct the jury "upon all questions of law arising in the case which are necessary for their information in giving their verdict." In State v. Brown, 62 S.W.2d 426 [6, 7] (Mo.1933) the court interpreted the quoted phrase: "The law of the case comprehends the elements of the offense charged, as shown by the evidence. All other matters are collateral." A trial court has no duty to instruct upon a collateral issue unless the defendant prepares and offers a written instruction on the issue. State v. Harris, 356 S.W.2d 889 [3–5] (Mo.1962); State v. Michael, 361 S.W.2d 664 [1, 2] (Mo.1962).

■ The trial court cannot be convicted of error in not preparing and giving a credibility instruction on its own motion. The present case is distinguishable from defendant's cited case of State v. Woolard, 111 Mo. 248, 20 S.W. 27 (1892), because

there a proper written instruction on un-corroborated testimony of an accomplice was offered and refused.

Defendant's arguments having been ruled against him, we affirm the judgment.

SMITH, P. J., concurs.

McMILLIAN, J., concurs in separate opinion.

McMILLIAN, Judge (concurring).

I concur in the result.

However, in my opinion, the trial of a criminal law suit is not a sporting contest where the game is to be won by the cock with the sharpest spurs. Primarily a trial is a quest for the truth which often times can prove to be an elusive quarry.

Effective 1 July 1974, the Missouri Supreme Court has promulgated its "Rules for Discovery in Criminal Cases." The proposed rule 25.32(A)(1) provides . . . upon written request . . . "The names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their *written or recorded statements,* and *existing memoranda reporting or summarizing part or all of their oral statements."* (Emphasis added.)

This rule parallels and adopts the ABA Standards, Discovery and Procedure Before Trial, Disclosure to Accused, § 2.1. While it is true that the effective date of the proposed rule is 1 July 1974, this is of little consolation or help to one whose liberty is threatened prior to that time. In my opinion, if the request for the names of the witnesses was seasonably made and if the particular statements would lead to an ascertainment of the facts, then in the interest of fairness the trial court should have permitted their discovery.