STATE of Missouri, Plaintiff-Respondent,

v.

Ira Charles DAY, Defendant-Appellant.

No. 35116.

Missouri Court of Appeals, St. Louis District.

Feb. 5, 1974.

Motion for Rehearing or Transfer Denied March 8, 1974.

James E. Cafer, Vandalia, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Richard E. Vodra, Dan Summers, Asst. Attys. Gen., Jefferson City, Thomas I. Osborne, Pros. Atty., Audrain County, Mexico, for plaintiff-respondent.

GUNN, Judge.

Defendant-appellant appeals from judgment of conviction after trial by jury for selling lysergic acid diethylamide (LSD), a hallucinogenic drug. Sentence imposed by the trial court under § 556.280 RSMo 1969, V.A.M.S., was ten years. We affirm the judgment.

In our review of the evidence in a criminal prosecution, we construe the evidence and reasonable inferences therefrom in the light most favorable to the state and favorable to the verdict of the jury as true. State v. Bizzle, 500 S.W.2d 259 (Mo.App. 1973).

On August 15, 1972, a Missouri Highway patrolman working as an undercover drug investigator in central Missouri was introduced to defendant by an informer in Mexico, Missouri. The conversation was opened by defendant's asking the state trooper how many "hits" of a hallucinogenic drug the trooper wanted to purchase, and after some price haggling, the defendant sold the trooper five pink capsules for $2.00 each. The informer did not participate in the sale transaction; the negotiation was only between the trooper and defendant. A chemical analysis of the substance of two capsules revealed that they contained lysergic acid diethylamide (LSD), and defendant was subsequently arrested and charged.

■■ Prior to trial, defendant filed an affidavit to disqualify Circuit Judge George Adams of Audrain County by reason of the interest and prejudice of the judge. The request for disqualification was sustained, and Judge William Turpin of the 11th Judicial Circuit was asked by Judge Adams to sit and the Supreme Court requested to make the transfer of Judge Turpin to the case. The Supreme Court entered its order making the transfer. Defendant argues that if a judge who has been disqualified is permitted to appoint his successor, the bias of the judge carries over to his successor thereby depriving defendant of his right of due process guaranteed under the United States and Missouri constitutions. The defendant further suggests that a judge, once disqualified, has no further jurisdiction to take any action regarding the case other than requesting the Supreme Court to transfer a successor. Defendant's argument is repugnant to the provisions of the Missouri Constitution and Supreme Court rules. Article V, Section 15, V.A.M.S., and Rules 30.12, 30.13 and 30.14, V.A.M.R., specifically authorized Judge Adams, in his discretion, to request another circuit judge to try the case as his replacement. The Supreme Court honored his request by transferring Judge Turpin. The propriety of this procedure has been consistently approved, and it was proper here. Cantrell v. City of Caruthersville, 363 Mo. 988, 255 S.W.2d 785 (1953); State v. Emrich, 237 S.W.2d 169 (Mo. 1951); State v. Myers, 322 Mo. 48, 14 S. W.2d 447 (Mo.1929).

■■ Defendant's second contention is that the information filed against him should have been dismissed on his motion

on the grounds that the defendant was not accorded the right of a preliminary examination before a magistrate as required by Missouri Supreme Court Rule 23.02. Defendant concedes that there may be a waiver of counsel and preliminary hearing if intelligently made, and it is manifest from the record in this case that defendant was fully advised of his rights in compliance with Rules 23.02 and 23.03.[1] Defendant waived preliminary hearing, and there was no evidence in the record or suggestion by defendant at any time that his waiver was coerced or that the waiver was other than willingly and intelligently made. See Dean v. State, 461 S.W.2d 861, 863 (Mo.1971). Defendant suggests that Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) has established that the preliminary hearing is a critical stage of the criminal process and that, consequently, defendant has a constitutional right to a preliminary hearing. But Coleman v. Alabama, *supra*, does not hold that an accused is entitled to a preliminary hearing as a matter of constitutional right, and in fact, he is not. Collins v. Swenson, 443 F.2d 329, 331 (8th Cir. 1971). Coleman v. Alabama, *supra*, has set forth four areas where "the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous and improper prosecution."[2] Under the facts of this case, there is nothing to indicate prejudice to the defendant by his waiver of counsel at the preliminary hearing and by his waiver of preliminary hearing. He was in no way disadvantaged. In Coleman v. Alabama, *supra,* the court found that the test applied is "whether the denial of counsel at the preliminary hearing was harmless error    ." Therefore, the application of Coleman v. Alabama, *supra,* to this case requires only our determination of what error, if any, ensued from the allowance of defendant's waiver of preliminary hearing without counsel. On the record before us, we find no error.[3]

Defendant's third and fourth contentions concern the issue of entrapment. Defendant contends that the court should have found as a matter of law defendant was unlawfully entrapped and that the trial court erroneously refused to allow defense counsel's interrogation of the State's witnesses as to the number of times "set-ups" had been made by the state trooper with the informer as proof of unlawful entrapment. We reject these contentions. Defendant argues that the sale of LSD to a state trooper through an informer conclusively established unlawful entrapment. The test for unlawful entrapment is "that the criminal intent must originate in the minds of the police officers as opposed to the criminal intent originating with the defendant himself." State v. Admire, 495 S.W.2d 132 (Mo.App.1973). The use of an informer to introduce a governmental agent posing as a willing buyer does not establish entrapment. State v. Napolis, 436 S.W.2d 645 (Mo.1969).

1. Rule 23.03 was amended to accommodate the holding of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) by requiring the magistrate before whom an accused is brought to advise the accused of his right to counsel and the court's willingness to appoint counsel. The magistrate before whom defendant was brought fulfilled this requirement.

2. 1) The skilled examination of witnesses which would expose fatal weaknesses in the state's case; 2) skilled interrogation of witnesses to be used as an impeachment tool at trial and preserving testimony of witnesses who do not appear at trial; 3) enable trained counsel to discover the case the state has against the defendant and thereby allow preparation of the defense; 4) enable counsel to present effective argument for such things as psychiatric examination or bail.

3. For pre-Coleman v. Alabama treatment of waiver of preliminary hearing see Lewis v. State, 501 S.W.2d 20 (Mo.1973); State v. Terry, 485 S.W.2d 3 (Mo.1972); Carpenter v. State, 479 S.W.2d 466 (Mo.1972); Hegwood v. State, 465 S.W.2d 476 (Mo.1971); State v. Caffey, 457 S.W.2d 657 (Mo.1970); Hendrix v. State, 495 S.W.2d 457 (Mo.App. 1973), and cases cited therein.

And in State v. Weinzerl, 495 S.W.2d 137 (Mo.App.1973),[4] it was held that where a defendant is solicited for the sale of drugs by an informer and governmental agent to which the defendant responds promptly and without reluctance—as was the situation in this case—the issue of entrapment is not raised. Therefore, if the evidence shows the defendant was ready and willing to engage in illegal conduct and did so with the trooper, with the informer only providing the opportunity to engage in such conduct, there is no entrapment. Obviously, then, defendant was not entrapped as a matter of law. The defendant asserts that he was persuaded by the informer to make the sale of LSD to the trooper. The state denies coercion and submits that the sale was willingly made by defendant. The trial judge—certainly with no error or at no disadvantage to defendant—then submitted the issue of entrapment to the jury under a proper instruction prior to the adoption of the MAI criminal instruction. State v. Hammond, 447 S.W. 2d 253 (Mo.1969).[5]

■■ There was no error in the trial court's refusal to allow testimony concerning the method of proceeding against other narcotic law violators with the use of an informer, since the use of an informer and police officer in an illegal narcotic trafficking case is not of itself an improper procedure. Testimony regarding similar procedures used with others would be irrelevant and immaterial to this case, and immaterial and irrelevant evidence should be excluded. State v. Walden, 490 S.W.2d 391 (Mo.App.1973).

■ The fifth contention of defendant is that the court erred in not defining the word "agent" in the entrapment instruction. Words having a common usage and which are generally understood need not be defined where not requested. We do not believe that the jury would be misled or confused by the word "agent" in this case. Further, there was no offer of a written instruction defining agent, and the trial court has no duty to so instruct without an offer of a written instruction by the defendant on the issue. State v. Goodman, 490 S.W.2d 86 (Mo.1973); State v. Heitman, 473 S.W.2d 722 (Mo.1971); State v. Hammond, *supra*; State v. Mullin, 501 S.W.2d 530 (Mo.App.1973).

■ Defendant's final contention is that there was a failure to show that the five capsules admitted into evidence were the same which had been purchased by the trooper from the defendant. Upon his purchase of the capsules, the trooper placed them in his pocket and after the defendant had departed from his presence, the trooper placed the capsules in a pillbox sealing the box with evidence tape and marking the tape with his initials, the defendant's name and the time and date he purchased the capsules. The trooper then turned the pillbox over to the Highway Patrol chemist, who tested two of the capsules, initialed the capsules analyzed, replaced them in the pillbox and resealed the box with evidence type and with the chemist's initials. The box was kept locked in the State Highway Patrol evidence locker until the date of trial and then given to the trooper, who identified the

4. This case has an excellent and comprehensive treatment of the Missouri law relating to entrapment.

5. INSTRUCTION NO. 6:
"The defendant offers the defense of unlawful entrapment as to the crime charged in the information.
"The law recognizes the defense of unlawful entrapment. Where a person has no previous intent to violate the law, but is induced or persuaded by law enforcement officers to commit a crime, he is entitled to the defense of unlawful entrapment, because the law as a matter of policy forbids a conviction in such a case.
"If, then, the jury should find from the evidence in the case that the defendant had no previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some agent of the Government, then the defense of unlawful entrapment is a good defense and the jury must acquit the defendant."

capsules as being those sold to him by defendant. There is reasonable assurance that the capsules received in evidence were the same as those sold by defendant to the trooper and were in the same condition as sold, which is all that is necessary to establish the chain of control and possession of the evidence. There was no error in the receipt of the capsules in evidence. The state is not required to account for hand to hand custody of the evidence from the time it is obtained to the time it is admitted into evidence, nor does it need to be continually watched. State v. Heather, 498 S.W.2d 300 (Mo.App.1973); State v. Alderman, 498 S.W.2d 69 (Mo. App.1973). The trial court did not err in admitting the evidence.

We have reviewed the record respecting the sufficiency of the information, verdict, judgment and sentence and find no error.

The judgment is affirmed.

SMITH, P. J., and McMILLIAN, J., concur.