James Edward CARTER, Movant,
Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 36249.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 9, 1975.

Motion for Rehearing or Transfer
Denied Feb. 26, 1976.

Application to Transfer Denied
April 14, 1976.

Charles D. Kitchin, Public Defender, James C. Jones, Jeffrey J. Shank, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Daniel P. Card II, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Julian D. Cosentino, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

From a denial of the motion of James Edward Carter to vacate his sentence filed pursuant to Rule 27.26, he has appealed.

Movant was found guilty of robbery first degree by means of a deadly and dangerous weapon following a jury trial, and was sentenced by the court to 20 years imprisonment. He appealed his conviction to the Supreme Court of Missouri and the judgment was affirmed in *State v. Carter*, 478 S.W.2d 358 (Mo.1972). In this post-conviction remedy proceeding, movant contends that the court below erred in not providing an evidentiary hearing on the allegation that movant was denied counsel at his preliminary hearing, and further, that the judgment of the court that movant was not entitled to or denied counsel at his preliminary hearing was clearly erroneous.

Prior to conducting the evidentiary hearing, the court informed counsel for movant that the allegation in the motion that movant was denied counsel at his preliminary hearing did not state anything as a matter of law, and indicated that he would not hear evidence on this. Thereafter, the movant did not object to the court's ruling and did not attempt to introduce any evidence on this matter.

It is true that on June 22, 1970, *Coleman v. Alabama*, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970) announced that the preliminary hearing was a critical stage of prosecution which required the appointment of counsel as a constitutional right to protect the accused, but the rule of *Cole-*

*man v. Alabama* does not apply retroactively to preliminary hearings conducted prior to June 22, 1970. *Adams v. Illinois*, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); *State v. Terry*, 485 S.W.2d 3, 4 (Mo.1972). The court record which was examined by the judge and referred to in his findings of fact indicated that the preliminary hearing was held June 18, 1970, some four days prior to the United States Supreme Court decision in *Coleman v. Alabama, supra.* Obviously, since the preliminary hearing was held prior to the pronouncement in *Coleman*, and its holding is not to be applied retroactively, the court was correct when it concluded that the allegation of denial of counsel at the preliminary hearing did not here state any grounds for relief as a matter of law.

The judgment is affirmed.

DOWD and RENDLEN, JJ., concur.